**William F. FARAH, Appellant,**

v.

**EL PASO NATIONAL BANK, et al., Appellees.**

No. 08–84–00375–CV.

Court of Appeals of Texas, El Paso.

March 20, 1985.

Rehearing Denied April 17, 1985.

Tom Thomas, Lindsey Vinson, Kolodey, Thomas & Yeager, Dallas, for appellant.

Jack Pew, Jr., Jackson, Walker, Winstead, Cantwell & Miller, James K. Peden,

III, Strasburger & Price, Dallas, Donald M. Hunt, Carr, Evans, Fouts & Hunt, Lubbock, for appellees.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from the order of the statutory county court at law dismissing a third-party action against the former attorneys of the estate's administrator for want of jurisdiction. We reverse.

The suit out of which this third-party action arose was brought by the beneficiaries of the Estate of Frank N. Farah against Appellant William F. Farah, seeking money damages on allegations that as administrator of the estate he violated fiduciary and statutory duties together with numerous other allegations of gross mismanagement of the estate. In the same cause of action, pending in County Court at Law No. Two of El Paso County, Appellant filed his third-party action for indemnity and/or contribution against twelve of his former attorneys and the bank. Appellant's theory of recovery against the Appellee attorneys was that if he were found to have mismanaged the estate, he should be indemnified since he acted upon their legal advice. This third-party action against the attorneys was dismissed by the probate court, County Court at Law No. Two of El Paso County, for want of jurisdiction. That dismissal is the action appealed from.

Appellant urges that the dismissal is erroneous for two reasons. First, because the claim is within the legislatively expanded jurisdiction of the statutory county court under Article 1970–127b, Tex.Rev. Civ.Stat. (Vernon Pamphlet 1985), and secondly, the claim is incident to the administration of the Estate of Frank N. Farah and jurisdiction is conferred by the Texas Probate Code. We are of the opinion that jurisdiction is conferred by Article 1970–127b, enacted by the legislature in 1983.

That article, applicable only to the county courts at law in El Paso County, provides that except as limited by Subsection 2(a), a county court at law "has the jurisdiction provided by the constitution and law for district courts." Paragraph (b) then lists five exceptions none of which include the claim or cause of action asserted here. The cause of action alleged is in a subject matter and an amount within the jurisdiction of the district courts and we see no escape from the fact that that jurisdiction now also rests in the county court at law.

Appellee relies on *Seay v. Hall*, 677 S.W.2d 19 (Tex.1984), contending that the lack of jurisdiction of the probate court found there is controlling of our case. In *Seay v. Hall* the administratrix brought a wrongful death action and survival action alleging that defendant's negligence resulted in the decedent's injuries which eventually caused his death. The suit was brought in the probate court. The Supreme Court held that the probate court did not have jurisdiction over either the survival cause of action or the wrongful death action under the jurisdictional provisions of Tex.Prob.Code Ann. secs. 3, 5 and 5A. The court was construing those sections providing for jurisdiction in matters "appertaining to estates and incident to an estate," "matters relating to the settlement ... of estates" or "claims by or against an estate." The court found that a wrongful death and survival action did not come within those definitions and the probate court did not have jurisdiction under them. That case is not applicable to ours for the simple reason that that was a probate court of ordinary jurisdiction and did not have the expanded jurisdiction that our court has under Article 1970–127b. Our court has jurisdiction because the legislature has given it jurisdiction—not because of some court action construing the Probate Code or by any other judicial opinion. The legislature has spoken. The Probate Code exists by virtue of a legislative enactment, likewise jurisdiction of the county court at law in El Paso is by a legislative enactment. That jurisdiction is clearly fixed by the legislative enactment of Article 1970–

127b. A decision by the Supreme Court construing the Probate Code has nothing to do with Article 1970–127b. The court did say something in *Seay v. Hall* which is applicable here:

> While this court may properly write in areas traditionally reserved to the judicial branch of government, it would be usurpation of our powers to add language to a law where the legislature has refrained. Intrusion into the legislative arena without regard for traditional constitutional and legal safeguards of legislative power would violate a fundamental judicial rule. Courts should carefully search out a statute's intent, giving full effect to all of its terms. "But they must find its intent in its language and not elsewhere. They are not the law-making body."

And so it is in our case. Jurisdiction of the county court at law rests in legislation and not in a judicial decision and we are in no position to change it. The trial court by its dismissal has denied the jurisdiction given it by the legislature. It follows that the trial court was in error in dismissing the cause of action for want of jurisdiction.

We reverse the judgment and order the reinstatement of the third-party action.

OSBORN, Justice, dissenting.

Although I originally joined in the opinion issued by this Court in this case, I now on motion for rehearing respectfully dissent.

William F. Farah filed his cross-action against the various attorneys on April 3, 1980, in the County Court at Law No. 2, El Paso County, Texas, in probate. Jurisdiction is determined by the issues in controversy at the time the pleading is filed. *Smith v. Texas Improvement Company,* 570 S.W.2d 90 (Tex.Civ.App.—Dallas 1978, no writ); 16 Tex.Jur.3d, Courts, sec. 58 (1981). At that time, the county court at law sitting in probate did not have jurisdiction of the cross-action because under the holding in *Seay v. Hall,* 677 S.W.2d 19 (Tex.1984) the cross-action filed by the administrator against the attorneys was not

"incident to an estate" nor was it "appertaining to estates," nor was it "claims by or against an estate." *See:* Texas Probate Code secs. 3, 5 and 5A. Our original opinion does not hold otherwise.

Instead our original opinion held that jurisdiction is conferred by Article 1970–127b which was enacted by the legislature in 1983. The Appellees assert in their second point of error in their motion for rehearing that we erred in holding that the 1983 enactment conferred jurisdiction upon the county court at law because in so holding this Court has given retroactive effect to said statute. I would sustain that point of error.

The general rule is that there exists a presumption that an act is intended to operate prospectively and not retroactively. If there is any doubt, the intention will be resolved against retrospective operation of a statute. *Ex parte Abell,* 613 S.W.2d 255 (Tex.1981); *Merchants Fast Motor Lines, Inc. v. Railroad Commission of Texas,* 573 S.W.2d 502 (Tex.1978). Having created concurrent jurisdiction, with certain exceptions, between the county courts at law and the district courts, the legislature then provided that "[a]ll matters within the concurrent jurisdiction of the county courts at law and the district courts *shall* be filed with the district clerk" (emphasis added). By such language, the legislature clearly intended that concurrent jurisdiction would exist only after the enactment of the statute and all matters (suits, cross-actions and third party petitions) would thereafter be filed with the district clerk. There was no provision within the act for the filing of a cross-action, either in the past or in the future, with the county clerk, the official with whom William F. Farah's cross-action was filed in this case. The use of the word "shall" shows legislative intent that the amendment should operate prospectively only. *Goldman v. State,* 277 S.W.2d 217 (Tex.Civ.App.—Amarillo 1954, writ ref'd n.r.e.).

I would grant the Appellees' motion for rehearing, withdraw our original opinion

and judgment and affirm the judgment of the trial court.