**The STATE of Texas, Appellant,**

v.

**Juan Antonio MURO, Appellee.**

**No. 08–03–00473–CR.**

Court of Appeals of Texas, El Paso.

Jan. 13, 2005.

———

Jaime E. Esparza, Dist. Atty., El Paso, for State.

Carlos Spector, El Paso, for Appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

### OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from the court's order granting a writ of habeas corpus and

granting Appellee a new trial. We reverse the order of the trial court.

## I. SUMMARY OF THE EVIDENCE

On September 23, 2003, Juan Antonio Muro, Appellee, filed a writ of habeas corpus pursuant to Article V, § 8 of the Texas Constitution challenging his deferred-adjudication proceedings. He alleged that he never received the immigration consequences admonishment which resulted in his ultimate deportation from the United States. The State answered by stating that the trial court lacked jurisdiction as the case had long since been dismissed pursuant to the deferred adjudication statute, and, secondly, if the court had jurisdiction, the records showed that Appellee was duly admonished of the consequences of his guilty plea. Therefore the presumption of the regularity of the records controlled to preclude any finding that he was not admonished of the immigration consequences of his plea.

On October 8, 2003, a hearing was conducted. The State stipulated that Appellee would testify that he did not receive the immigration admonishment at the time of the plea. The State did not stipulate that no such admonishment occurred. No transcript was available from the court reporter and there is nothing else in the appellate record that aids in the disposition of this case.

The State entered two exhibits into evidence: (1) a certified copy of the indictment, deferred-adjudication order, and the terms of deferred probation; and (2) a certified copy of the report of the probation officer, dated April 1998, showing Appellee's successful completion of deferred probation and the order dismissing the proceedings against Appellee. At the close of the hearing, the trial court granted Appellee's writ and issued a written order stating that Appellee be, "released from custody and or every manner of restraint in his personal liberty as a consequence of [the] plea of guilty."

## II. DISCUSSION

In Issue No. One, Appellant asserts that the court had no jurisdiction to reinstate the case as all proceedings had been previously dismissed, the dismissal having occurred some years prior. In Issue No. Two, Appellant asserts that the trial court erred and abused its discretion in holding that Appellee met his burden to show he was not given his immigration warnings as there was no competent evidence rebutting the presumption of regularity of the records in the case which recited that Appellee was duly admonished by the trial court of the consequences of his guilty plea.

In Issue No. One, the State asserts that the court did not have jurisdiction to entertain Appellee's writ because the case was dismissed some years before pursuant to the deferred adjudication statute. We agree. In *Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex.Crim.App.1980), the Court of Criminal Appeals held when a trial court empowered with jurisdiction of a criminal case sustains a motion to dismiss a criminal case, the person accused thereunder is, in law, wholly discharged from the accusation against him. As there is no case pending against the accused, jurisdiction does not remain in the dismissing court. *Id.*

In *Garcia*, the trial court dismissed the indictment against the accused pursuant to the then existing Texas Speedy Trial Act. The trial court later attempted to reinstate the indictment upon the State's motion for reconsideration. The *Garcia* court held that once the indictment was dismissed against an accused, the trial court was without jurisdiction to take any further action. *Id.* Accordingly, we grant Issue

No. One and reverse the trial court's order granting writ relief.

Having granted Issue No. One on review, we find we need not address Issue No. Two.