**Ex Parte: Martin Blanco ENRIQUEZ.**

**No. 08–04–00298–CR.**

Court of Appeals of Texas,
El Paso.

Nov. 3, 2005.

Discretionary Review Refused
May 10, 2006.

Order Rescinding Prior Order and
Reinstating Cause Aug. 17, 2006.

James Darrell Lucas, El Paso, for Appellant.

Jaime E. Esparza, District Attorney, El Paso, for the State.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION ON ORDER
## OF ABATEMENT

CHEW, Justice.

Appellant Martin Blanco Enriquez appeals the trial court's denial of his application for a writ of habeas corpus. We abate the appeal for the trial court to clarify it's order denying Appellant's application for writ of habeas corpus.

### FACTUAL SUMMARY

Appellant Martin Blanco Enriquez was charged by indictment with possession of marijuana in an amount more than 50 pounds, but less than 2,000 pounds. Pursuant to a plea agreement, he entered a plea of guilty on June 20, 1996. Adjudication of guilt was deferred and Appellant was placed on deferred adjudication community supervision for a period not to exceed ten years.

In April of 1999, the trial court entered an order discharging Appellant from community supervision. Several years after successfully completing his community supervision and after being discharged by order of the court, Appellant filed an application for a writ of habeas corpus. In the application, Appellant sought to have his conviction set aside, arguing that his guilty plea was not knowingly and intentionally made, his trial counsel rendered ineffective assistance of counsel by not seeking to suppress illegally obtained evidence, and the trial court failed to admonish him in accordance with Article 26.13 of the Texas Code of Criminal Procedure. The trial court signed an order denying the writ without a hearing in April of 2004.

Shortly after the first denial, Appellant refiled his writ application alleging the same grounds as the earlier application. The State submitted an answer to Appellant's writ application which first alleged that the trial court lacked jurisdiction to

grant relief and alternatively addressed each of the points raised by Appellant in his application. The State also filed a supplemental answer arguing that the writ should be denied because even if the court granted Appellant the relief requested under the writ, it would not result in his release from the restraint alleged.

After several resettings, the matter came to be heard on August 20, 2004. At the hearing, the presiding judge noted that the docket sheet originally indicated a status conference, but informed the parties it was ready to proceed. At the conclusion of the hearing, the trial court informed both parties that he had read the briefs, material, and affidavits and he would make a decision sometime that afternoon. The trial court ultimately denied Appellant's writ application. Appellant now appeals the trial court's denial of his application for writ of habeas corpus.

## DISCUSSION

As a preliminary matter, we must determine the jurisdiction of the trial court to hear a writ of habeas corpus brought pursuant to Tex.Code Crim.Proc. Ann. art. 11.072 (Vernon 2005) when an individual is no longer on deferred adjudication community supervision. This Court may review whether or not a lower court's exercise of jurisdiction was proper. *See Ex parte Schmidt,* 109 S.W.3d 480, 481–82 (Tex.Crim.App.2003)(if trial court denies habeas corpus relief, the court of appeals has appellate jurisdiction of at least the issue of trial court's jurisdiction).

The State argues that the trial court lacked jurisdiction to entertain the writ because it had previously entered an order discharging Appellant as required by statute. *See* Tex.Code Crim.Proc.Ann. art. 42.12, § 5(c)(Vernon Supp.2004–05). The State also argues that once that order was entered, the trial court retained no juris-

diction to entertain a writ of habeas corpus concerning the underlying proceedings. The State relies primarily on this Court's holding that once a trial court discharges an individual from community supervision, it has no further jurisdiction to entertain a writ of habeas corpus. *See State v. Muro,* 156 S.W.3d 852, 853 (Tex.App.—El Paso 2005, no pet.), *citing Garcia v. Dial,* 596 S.W.2d 524, 528 (Tex.Crim.App.1980). Had this been an application for writ of habeas corpus under Article V, § 8 of the Texas Constitution, as was the case in *Muro,* we might be more inclined to agree.

In *Muro,* we held that the trial court lacked jurisdiction to entertain a writ of habeas corpus because the case against the appellee had been dismissed pursuant to the deferred adjudication statute. *See id.* at 853. We relied on authority from the Court of Criminal Appeals which held that once a case is dismissed against an individual, he is wholly discharged from any accusation against him and since there is no case pending, no jurisdiction remains in the dismissing court. *See Garcia,* 596 S.W.2d at 528.

However, here Appellant brought this writ application pursuant to Tex.Code Crim.Proc.Ann. art. 11.072. Article 11.072, § 2(b) reads as follows:

> At the time the application is filed, the applicant must be, or have been, on community supervision, and the application must challenge the legal validity of:
>
> (1) the conviction for which the order in which community supervision was imposed; or
>
> (2) the conditions of community supervision

Tex.Code Crim.Proc.Ann. art. 11.072, § 2(b).

Courts derive their power to act from the constitution and from legislative enactment. *See Texas Dept. of Transp. v.*

*Marquez,* 885 S.W.2d 456, 458 (Tex.App.—El Paso 1994, no pet.), *citing Curry v. Wilson,* 853 S.W.2d 40, 45 (Tex.Crim.App. 1993). As such, the lower court's jurisdiction had to arise by express authorization. *See State v. Johnson,* 821 S.W.2d 609, 612 (Tex.Crim.App.1991)(court's authority to act arises from constitution, statute, or common law); *In Re El Paso County Commissioners Court,* —— S.W.3d ——, ——, 08–05–00151–CV, 2005 WL 1172003, at *5 (Tex.App.—El Paso May 18, 2005, orig. proceeding), *citing Eichelberger v. Eichelberger,* 582 S.W.2d 395, 398 (Tex. 1979). Therefore, the trial court had jurisdiction only if there is some authority to act pursuant to this statute. The authority to extend a court's jurisdiction is an action that lies soundly within the power of the legislature. *See Farah v. El Paso Nat. Bank,* 692 S.W.2d 522, 523 (Tex. App.—El Paso 1985, writ ref'd n.r.e.).

### *Texas Code of Criminal Procedure Article 11.072*

■■■ When a court seeks to determine the meaning of a statute, it should give effect to the intent or purpose of the legislature in enacting the statute at issue. *See Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991). A court should begin with the plain language as set out in the statute because "the text of the statute is the law." *See Getts v. State,* 155 S.W.3d 153, 155 (Tex.Crim.App.2005). If the text of the statute is clearly written and unambiguous, words should be given their ordinary or plain meaning. *Getts,* 155 S.W.3d at 155. Only where the wording of the statute is "unclear" or the ordinary or plain meaning would lead to "results so absurd that the Legislature could not possibly have intended them" should we consider anything other than the words as written in the statute itself. *State v. Morse,* 903 S.W.2d 100, 103–04 (Tex. App.—El Paso 1995, no pet.).

■■ It is presumed that every word, phrase, clause, or sentence was purposely chosen and when a court seeks to interpret or construe a statute, it should attempt to give effect to all if possible. *See State v. Hardy,* 963 S.W.2d 516, 520 (Tex.Crim. App.1997). Finally, a court interpreting a statute should adopt an interpretation which makes all provisions operable and effective and avoids conflict. *See* Tex. Gov't Code Ann. § 311.021(2)(Vernon 2005); *Summerford v. State,* 627 S.W.2d 468, 471 (Tex.App.—Houston [1st Dist.] 1981, no pet.) (separate articles of the Code of Criminal Procedure should be construed in a way that avoids needless conflict).

In construing the scope of Article 11.072, § 2(b), our task is to effectuate the Legislative intent and purpose underlying the statute. We start by giving a fair and objective meaning to the terms as they are used in the statute. The Code of Criminal Procedure requires that at the time the writ of habeas corpus application is filed, "the applicant must be, or *have been,* on community supervision." *Id.* [Emphasis added]. In an unpublished opinion, this Court addressed whether or not Article 11.072, § 2(b) barred habeas corpus relief for applicants who had already served their term of community supervision. *See Ex parte De la Cruz,* 08–04–00100–CR, 2005 WL 1421702, at *3 (Tex.App.—El Paso 2005, no pet.)(not designated for publication). In *De la Cruz,* the trial court concluded that applicants who had completed their term of community supervision could not bring a writ of habeas corpus pursuant to Article 11.072, § 2(b). This Court stated that the trial court's interpretation of Article 11.072, § 2(b) was "clearly contrary to the plain reading of the statute," *Id.*

We reiterate today what we stated in *De la Cruz.* By its ordinary and plain mean-

ing, Article 11.072, § 2(b) clearly applies to individuals who have been discharged from community supervision. To read this section as excluding those individuals who have completed their term of community supervision would make those words not only superfluous, but also ineffective. Such a result would be contrary to established cannons of statutory construction. *See Hardy,* 963 S.W.2d at 520. Therefore, we hold that Article 11.072, § 2(b) includes, not excludes, individuals who have completed their term of community supervision as among those individuals who may bring a writ of habeas corpus pursuant to TEX.CODE CRIM.PROC.ANN. art. 11.072.

We are mindful that our interpretation of the statute seems to create a conflict between TEX.CODE CRIM.PROC.ANN. art. 11.072 and TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(c). Article 42.12, § 5(c) states that "[o]n expiration of a community supervision period ... the judge shall dismiss the proceedings against the defendant and discharge him." Further, "a dismissal and discharge ... may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction." *Id.* This Court has already held that once a defendant is discharged under Article 42.12, § 5(c), the trial court no longer has jurisdiction to take any further action. *See Muro,* 156 S.W.3d at 853.

 Therefore, we must also evaluate Article 11.072, § 2(b) in light of Article 42.12, § 5(c). If possible, a court construing a statute should interpret it so that it does not render another provision ineffective or cause an unnecessary conflict. *See Summerford,* 627 S.W.2d at 471. Also, we must presume that the Legislature was cognizant of existing law when enacting a statute which seems to conflict with another provision. *See Ward County Irrigation Dist. No. 1 v. Red Bluff Water Power*

*Control Dist.,* 170 S.W.3d 696, 700 (Tex. App.—El Paso 2005, no pet.), *citing Acker v. Texas Water Commission,* 790 S.W.2d 299, 301 (Tex.1990).

After due consideration, we find that Article 11.072, § 2(b) creates an exception to the general effect of a dismissal under Article 42.12, § 5(c). We agree that a dismissal and discharge would normally divest jurisdiction from the trial court. However, in the context of applications for a writ of habeas corpus for individuals who have completed their term of community supervision, the Legislature has clearly extended the jurisdiction of a trial court for the limited purpose of hearing a writ of habeas corpus brought pursuant to Article 11.072.

### *The Final Order*

The final order, as drafted by the State, was worded as follows:

> The Court, after having considered: (1) the applicant's writ application; and (2) the State's Answer, finds that Applicant is manifestly not entitled to relief and the writ application should be denied [as frivolous].
>
> IT IS ORDERED that the writ of habeas corpus is not issued and the applicant's application for writ of habeas corpus is hereby denied [as frivolous].

The court redacted the "as frivolous" portions of the order by striking through those words and initialing the change. By statute, if the trial court finds that the applicant was "manifestly entitled to no relief" from the face of the application, it is required to enter a finding of "frivolous." *See* TEX.CODE CRIM.PROC.ANN. art. 11.072, § 7(a).

In the order, the trial court found that Appellant was "manifestly entitled to no relief," but redacted those portions of the order finding that the writ application was

frivolous. Appellant argues that since the trial court redacted those portions of the order indicating that the writ was frivolous, it was required to enter findings of fact and conclusions of law.

Article 11.072, § 7(a) states that if the trial court finds the writ applicant "manifestly entitled to no relief" from the face of the application, it shall enter a written order denying the writ application as frivolous. In "any other case," the court shall enter a written order including findings of fact and conclusions of law. Because the order of the trial court is unclear, we are unable to deduce this Court's jurisdiction over the denial of Appellant's application for writ of habeas corpus. Further, without clarification, we are unable to determine whether or not the trial court should have made findings of fact and conclusions of law. We abate this appeal for the trial court to clarify it's Order of August 20, 2004 consistent with TEX.CODE CRIM.PROC. ANN. art. 11.072, § 7(a).

The trial court shall, within thirty days after the date of this Order: (1) make appropriate orders and, if appropriate, enter findings of fact and conclusions of law; and (2) deliver any orders and findings of fact and conclusions of law to the trial court clerk. The trial court clerk shall: (1) prepare a supplemental clerks record containing all orders and findings of fact and conclusions of law which the trial court renders or makes; and (2) file the supplemental clerks record with the clerk of this Court within thirty days after the date of this Order.

### OPINION

Appellant Martin Blanco Enriquez was charged by indictment with possession of marijuana in an amount more than 50 pounds, but less than 2,000 pounds. Pursuant to a plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for 10 years. In April of 1999, the trial court entered an order discharging Appellant from community supervision. Several years later, Appellant filed an application for a writ of habeas corpus. The trial court signed an order denying the writ without a hearing in April 2004.

Thereafter, Appellant again filed his writ application alleging identical grounds. The State submitted an answer to Appellants writ application which asserted in part that the trial court lacked jurisdiction to grant Appellant any relief. The matter came to be heard on August 20, 2004. At the conclusion of the hearing, the trial court informed both parties that he had read the briefs, material, and affidavits and would make a decision accordingly. Ultimately, Appellants writ application was denied by written order dated August 20, 2004 and he appealed to this Court.

In November 2005, we abated this appeal and ordered the trial court to clarify its earlier order denying Appellants writ application and enter findings of fact and conclusions of law if applicable. *See Ex Parte Enriquez*, 227 S.W.3d 779, 782, 2005 WL 3036531 *5 (Tex.App.-El Paso November 03, 2005, pet. refd). In response to this Courts holding on a jurisdictional issue, the State filed a motion for rehearing which we subsequently overruled. The State then filed a petition for discretionary review. The case remained pending in the Court of Criminal Appeals until June 2006, when that court refused the States petition. The Court of Criminal Appeals then returned the appellate record to this Court.

### DISCUSSION

During the intervening period, the trial judge, Hon. Herb Cooper, died before clarifying the order denying Appellants writ application. Without clarification, we

are unable to determine if Appellant was entitled to findings of fact and conclusions of law. *See* Tex.Code Crim.Proc.Ann. art. 11.072, 7(a)(Vernon 2005). Because clarification of the trial courts order as a remedy is now unavailable, we rescind our November 3, 2005, order abating this appeal and reinstate the instant cause. We reverse the order of the trial court dated August 20, 2004, and remand for further proceedings in order for the trial court to consider Appellants writ application in accordance with Tex.Code Crim.Proc.Ann. art. 11.072. *See* Tex.R.App.P. 43.2(d).