COURT OF APPEALS












COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

                                                                              )

                                                                              )              
No.  08-04-00298-CR

                                                                              )

                                                                              )                    Appeal from the

                                                                              )

EX PARTE:  MARTIN BLANCO ENRIQUEZ    )                  41st District Court

                                                                              )

                                                                              )           
of El Paso County, Texas

                                                                              )

                                                                              )                
(TC# 960D02669)

                                                                              )

 

 

O
P I N I O N

 

 

Appellant Martin
Blanco Enriquez was charged by indictment with possession of marijuana in an
amount more than 50 pounds, but less than 2,000 pounds.  Pursuant to a plea agreement, the trial court
deferred a finding of guilt and placed Appellant on community supervision for
10 years.  In April of 1999, the trial
court entered an order discharging Appellant from community supervision.  Several years later, Appellant filed an
application for a writ of habeas corpus. 
The trial court signed an order denying the writ without a hearing in
April 2004.








Thereafter,
Appellant again filed his writ application alleging identical grounds.  The State submitted an answer to Appellant=s writ application which asserted in
part that the trial court lacked jurisdiction to grant Appellant any
relief.  The matter came to be heard on
August 20, 2004.  At the conclusion
of the hearing, the trial court informed both parties that he had read the
briefs, material, and affidavits and would make a decision accordingly.  Ultimately, Appellant=s
writ application was denied by written order dated August 20, 2004 and he
appealed to this Court.

In November 2005,
we abated this appeal and ordered the trial court to clarify its earlier order
denying Appellant=s writ
application and enter findings of fact and conclusions of law if
applicable.  See Ex Parte
Enriquez, ‑‑‑ S.W.3d ‑‑‑‑, 2005
WL 3036531 *5 (Tex.App.--El Paso
November 03, 2005, pet. ref=d).  In response to this Court=s holding on a jurisdictional issue,
the State filed a motion for rehearing which we subsequently overruled.  The State then filed a petition for
discretionary review.  The case remained
pending in the Court of Criminal Appeals until June 2006, when that court refused
the State=s
petition.  The Court of Criminal Appeals
then returned the appellate record to this Court.

DISCUSSION








During the
intervening period, the trial judge, Hon. Herb Cooper, died before clarifying
the order denying Appellant=s
writ application.  Without clarification,
we are unable to determine if Appellant was entitled to findings of fact and
conclusions of law.  See Tex.Code Crim.Proc.Ann. art. 11.072, ' 7(a)(Vernon 2005).  Because clarification of the trial court=s order as a remedy is now unavailable,
we rescind our November 3, 2005, order abating this appeal and reinstate the
instant cause.  We reverse the order of
the trial court dated August 20, 2004, and remand for further proceedings in
order for the trial court to consider Appellant=s
writ application in accordance with Tex.Code
Crim.Proc.Ann. art. 11.072.  See
Tex.R.App.P. 43.2(d).

 

 

August
17, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Publish)