Order filed March 10, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00029-CR

                                                    __________

 

                                  RICARDO
SALAZAR, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 358th District Court

 

                                                             Ector
County, Texas

 

                                                   Trial
Court Cause No. D-36,824



 

                                                                     O
R D E R

Pursuant to a plea agreement, Ricardo Salazar pleaded guilty in April 2010 to the offense
of theft in the amount of $1,500 or more but less than $20,000.  The trial
court deferred a finding of guilt and placed appellant on deferred adjudication
community supervision for a term of two years.  The trial court additionally
imposed a fine of $500.  

In
October 2010, appellant filed a petition for writ of habeas corpus pursuant to Tex. Code Crim. Proc. Ann. art. 11.072
(Vernon 2005) based on an allegation of ineffective assistance of counsel at
the time that he entered his plea.  The trial court considered the petition for
writ of habeas corpus at a hearing conducted on December 13, 2010.  The trial
court signed an order denying writ of habeas corpus on January 5, 2011.  The
trial court’s order does not include findings of fact or conclusions of law.  Appellant
appeals the denial of habeas relief pursuant to Article 11.072, section 8.  We
abate the appeal.

            Appellant
has filed a motion to abate this appeal for the entry of findings of fact and
conclusions of law by the trial court.  Article 11.072, section 7(a) states
that, if the trial court finds the writ applicant is “manifestly entitled to no
relief” from the face of the application, it shall enter a written order
denying the writ application as frivolous.  In “any other case,” the court
shall enter a written order including findings of fact and conclusions of law. 
If the trial court does not file required findings of fact and conclusions of
law, an appellate court may abate the appeal to allow the trial court to comply
with the statute. See Ex parte Enriquez, 227 S.W.3d 779, 784 (Tex. App.—El
Paso 2005, pet. ref’d).

            We
agree with appellant’s contention that the trial court was required to enter
findings of fact and conclusions of law under Article 11.072, section 7(a)
because the trial court did not find that appellant was manifestly entitled to no
relief from the face of his application.  In this regard, the trial court did
not deny the requested relief until after conducting a hearing on appellant’s
allegations.  Accordingly, the trial court was required to enter a written order that included findings of fact and conclusions of law.  

            Appellant’s
motion to abate the appeal is granted.  This appeal is abated and remanded to
the trial court for the entry of written findings of fact and conclusions of
law pursuant to this order.  Within thirty days after
the date of this order, the trial court is directed to (1) enter written findings
of fact and conclusions of law and (2) deliver the written findings of fact and
conclusions of law to the trial court clerk.  The trial court clerk shall (1)
prepare a supplemental clerk’s record containing the written findings of fact
and conclusions of law made by the trial court and (2) file the supplemental
clerk’s record with the clerk of this court within thirty days after the date
of this order.  This appeal will be reinstated upon the filing of the
supplemental clerk’s record containing the trial court’s written findings of
fact and conclusions of law.

 

                                                                                    PER
CURIAM 

March 10, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.