**Abatement Order filed June 4, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00027-CR

## EX PARTE CARLOS ALEJANDRO RABAGO

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 94CR1750-83**

## A B A T E M E N T   O R D E R

Applicant Carlos Alejandro Rabago appeals the trial court's denial of his post-conviction application for writ of habeas corpus. In three issues, applicant contends that the trial court erred by: (1) applying the procedures set out in Article 11.07 of the Texas Code of Criminal Procedure instead of the procedures set out in Article 11.072; (2) failing to hold a hearing before denying habeas relief; and (3) failing to issue appropriate findings of fact and conclusions of law in accordance with Article 11.072 of the Code of Criminal Procedure.

### Background

Applicant filed an application for writ of habeas corpus under Texas Code of

Criminal Procedure Article 11.072 on September 12, 2011. In his application, applicant alleged that he pled "no contest" to the offense of indecency with a child on February 6, 1998, and was placed on deferred adjudication community supervision. He alleged that he successfully completed his deferred adjudication in March 2003 but was deported in August 2004 because of his plea. Applicant stated that he was arrested and charged with the federal offense of illegal re-entry into the United States after he was deported; he is currently in federal custody.

In his application, applicant asked the trial court to vacate his plea to indecency with a child and argued that he was denied effective assistance of counsel because his trial counsel did not advise him of the deportation consequences of his plea as required by *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). Applicant argued that the immigration law and deportation consequences were clear and his trial counsel was deficient for advising him only that he **may** be deported because of his plea instead of advising him that he **would** be deported because of his plea. He further argued that prejudice resulted from his trial counsel's deficiency because applicant "would have never pled guilty had he known of the immigration consequences of his plea," and would have insisted on going to trial.

The trial court did not hold an evidentiary hearing on applicant's application for writ of habeas corpus. The trial court signed the following order on December 12, 2011:

### Findings of Fact and Conclusions of Law without Evidentiary Hearing on Application for Writ of Habeas Corpus

This Trial Court finds that there is no necessity for a fact finding hearing because there is ample evidence in the record to rule on the relief sought. This Trial Court further finds that no controverted previously unresolved [] facts or issues exist which would entitle Applicant to relief, and that Applicant's claim has no legal merit. This Trial Court Recommends relief be denied.

### Order

1. The Trial Court orders the Clerk of this Court to file this Finding and Order, and promptly transmit it with the Writ of Transcript to the Clerk of the Court of Criminal Appeals, Austin, Texas.

2. The Clerk or this Court is further ordered to send a copy of this Finding and Order to the Applicant and the appellate section of the Galveston County Criminal District Attorney's Office.

This language seems to track the requirements of Article 11.07. The trial court signed a second order on December 12, 2011:

<u>First Amended Findings of Fact and Conclusions of Law without Evidentiary Hearing on Application for Writ of Habeas Corpus</u>

This Court finds that there is no necessity for a fact finding hearing because there is ample evidence in the record to rule on the relief sought. This Court further finds that no controverted previously unresolved [] facts or issues exist which would entitle Applicant to relief, and that Applicant's claim has no legal merit.

<u>Order</u>

1. The Relief sought by Applicant is her[e]by DENIED.

On appeal, applicant contends in his third issue that the trial court failed to enter proper findings of fact and conclusions of law as required by Article 11.072 and, "[w]ithout such findings, [the] reviewing court [is] not able to properly review a trial court's decision."

**Analysis**

Article 11.072 applies to an applicant for a writ of habeas corpus in a felony case in which the applicant seeks relief from a judgment of conviction ordering community supervision. Tex. Code Crim. Proc. Ann. art. 11.072, § 1 (Vernon 2005). At the time the application is filed, the applicant must be or have been on community supervision, and the application must challenge the legal validity of the conviction for which community supervision was imposed. *Id*. § 2(b)(1). If the court determines that the "applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous." *Id*. § 7(a). "In any other case, the court shall enter a written order including findings of fact and conclusions of law." *Id*.

Based on the trial court's second order signed on December 12, 2011, it appears that the trial court denied applicant's application for writ of habeas corpus under Article 11.072. The second order did not deny applicant's application as frivolous; therefore, the

3

trial court was required to enter findings of fact and conclusions of law. *See id.* In denying applicant the relief sought, the trial court's second order stated as follows: "This Court finds that there is no necessity for a fact finding hearing because there is ample evidence in the record to rule on the relief sought. This Court further finds that no controverted previously [] unresolved facts or issues exist which would entitle Applicant to relief, and that Applicant's claim has no legal merit."

The second order does not contain findings of fact and conclusions of law from which we can discern why the trial court denied the application for writ of habeas corpus. The applicant is entitled to findings of fact and conclusions of law, and the proper procedure is to abate the appeal and direct the trial court to make the required findings and conclusions. *See Ex parte Enriquez*, 227 S.W.3d 779, 784 (Tex. App.—El Paso 2005, pet. ref'd).

Accordingly, the trial court is directed to reduce to writing its findings of fact and conclusions of law on the denial of applicant's application for writ of habeas corpus and have a supplemental clerk's record containing those findings and conclusions filed with the clerk of this Court on or before June 30, 2012.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and conclusions are filed in this Court. This Court will also consider an appropriate motion to reinstate the appeal filed by either party.

/s/    William J. Boyce
Justice

Panel consists of Justices Boyce, Christopher and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).

4