

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00005-CR

_____

EX PARTE:  LEO GRAVES

Original Habeas Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

O P I N I O N

Leo Graves was convicted by a jury of tampering with a government record. Pursuant to a sentencing agreement, Graves was sentenced to five years' imprisonment, the sentence was suspended, and he was placed on community supervision for a period of five years.

On October 3, 2012, Graves filed a petition for writ of habeas corpus based on an allegation that his "case is absolutely devoid of evidentiary support upon which to sustain a judgment of conviction." *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2005). Prior to retiring, the Honorable Guy Griffin, 123rd Judicial District Court of Panola County, Texas, signed an order denying writ of habeas corpus on December 18, 2012, without a hearing.

Article 11.072, Section 7(a) states that if the trial court finds the writ applicant is "manifestly entitled to no relief" from the face of the application, it shall enter a written order denying the writ application as frivolous. In "any other case," the court shall enter a written order including findings of fact and conclusions of law. The trial court's order does not find the matter frivolous, but fails to include findings of fact or conclusions of law. Graves asks that the appeal be abated pursuant to Article 11.072 to allow the trial court to enter findings of fact and conclusions of law. *See Ex parte Enriquez*, 227 S.W.3d 779, 784 (Tex. App.—El Paso 2005, pet. ref'd) (appellate court may abate appeal to allow trial court to comply with statute).

The State cites to our opinion in *Ex parte Jones* and writes that it has "no objection to the Court entering [a] judgment" reversing the denial of the writ of habeas corpus and remanding the matter for further proceedings. *See Ex parte Jones*, 367 S.W.3d 696 (Tex. App.—Texarkana 2012, no pet.). In *Enriquez*, our sister court originally abated a similar matter to allow the trial

2

court to make appropriate findings. *Enriquez*, 227 S.W.3d at 784. However, after discovering that the order denying the writ application could not be clarified due to the trial judge's death, the matter was reinstated, the order denying the writ application was reversed, and the case was remanded for further proceedings. *Id.* at 785. Here, the trial judge who entered the order denying the writ application has retired, and clarification of the order cannot now be had.

We reverse the trial court's order denying Graves' application for writ of habeas corpus and remand this matter to the trial court for further proceedings consistent with this opinion.

Bailey C. Moseley
Justice

Date Submitted:     May 30, 2013
Date Decided:       May 31, 2013

Publish

3