**Abatement Order filed January 22, 2015.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-14-00781-CR

———————

### EX PARTE JUAN RAUL ROJAS

---

**On Appeal from the County Criminal Court at Law No. 15
Harris County, Texas
Trial Court Cause No. 1969294**

---

## ABATEMENT ORDER

This is an appeal from the denial of appellant's application for a post-conviction writ of habeas corpus pursuant to article 11.072 of the Texas Code of Criminal Procedure. On September 19, 2014, the trial court signed a written judgment denying relief. Our record does not contain findings of fact and conclusions of law as required by article 11.072, section 7(a) of the Texas Code of Criminal Procedure. Tex. Crim. Proc. Code art. 11.072, § 7(a) (stating that unless the court has denied the application as frivolous, "the court shall enter a written order including findings of fact and conclusions of law.").

On January 2, 2015, the State moved this court to abate the appeal and to direct the trial court to enter the required findings. Appellant has not filed a response to the motion. The proper procedure when findings and conclusions have not been filed is for the court of appeals to abate the appeal and direct the trial court to make the required findings and conclusions. *See Ex parte Enriquez*, 227 S.W.3d 779, 784 (Tex. App.—El Paso 2005, pet. ref'd). Accordingly, we **GRANT** the motion and issue the following order:

The trial court is directed to reduce to writing its findings of fact and conclusions of law on the denial of appellant's application for writ of habeas corpus and have a supplemental clerk's record containing those findings and conclusions filed with the clerk of this court on or before **February 20, 2015.** After the findings and conclusions are filed, appellant shall have twenty days in which to file in this court any supplemental brief addressing the findings and conclusions. The State's brief shall be due twenty days after the deadline for filing of appellant's supplemental brief.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and McCally.