**Order filed April 9, 2015**



### In The

# Eleventh Court of Appeals

_____

## No. 11-14-00264-CR

_____

## TOMMY VINCENT JETTON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 266th District Court

Erath County, Texas

Trial Court Cause No. CR 12704-A

### O R D E R

Appellant, Tommy Vincent Jetton, has filed an appeal from an order in which the trial court denied an application for writ of habeas corpus that was filed pursuant to Article 11.072 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 11.072 (West Supp. 2014). We abate the appeal.

In the underlying case, Appellant entered into a plea bargain agreement with the State and pleaded guilty to the offense of possession of less than one gram of a controlled substance in penalty group two, a state jail felony. The trial court

convicted Appellant and, in accordance with the plea agreement, suspended the imposition of Appellant's sentence and placed him on community supervision in 2008.

On June 12, 2014, Appellant filed an application for writ of habeas corpus. The State timely filed a reply to the application. Various documentary evidence was attached to Appellant's application and to the State's reply. The trial court subsequently denied Appellant's application without a hearing, as permitted by Article 11.072, section 6(b).

In his sole issue on appeal, Appellant contends that the trial court erred in finding that Appellant's claims were frivolous. The State asserts that the trial court did not find that Appellant's claims were frivolous but, rather, that the trial court denied the application based on the court record, the pleadings, and all attachments. Under Article 11.072, section 7(a), a trial court may do either. It is not clear from the order in this case which holding the trial court intended. The trial court's order states as follows:

> The Court, after considering the application . . . and the response . . . together with the documents and affidavits attached to each, is of the opinion and so finds that Applicant's application for post-conviction writ of habeas corpus in community supervision case is without legal or factual merit and same is denied without hearing.

The trial court's order does not contain any findings of fact or conclusions of law.

Article 11.072, section 7(a) provides:

> If the court determines *from the face of an application or documents attached to the application* that the applicant is manifestly entitled to no relief, the court *shall* enter a written order denying the application *as frivolous*. In any other case, the court *shall* enter a written order *including findings of fact and conclusions of law*. The court may require the prevailing party to submit a proposed order.

*Id.* art. 11.072, § 7(a) (emphasis added). Pursuant to Article 11.072, section 7(a), the trial court must either deny the application "as frivolous" or include in its order

findings of fact and conclusions of law. The trial court in this case did neither. We note also that a determination to deny the application as frivolous is to be based on the application and the documents attached to the application. *Id.* The order in this case indicates that the trial court also considered the response and the documents attached to the response.

Because the trial court's order is unclear, we are unable to reach the merits of the appeal or even to determine whether the trial court should have made findings of fact and conclusions of law. Accordingly, without addressing the merits of the appeal, we abate the appeal to permit the trial court to clarify its order. The trial court is directed to enter an order that complies with Article 11.072, section 7(a). *See Salazar v. State*, No. 11-11-00029-CR, 2011 WL 829180 (Tex. App.—Eastland Mar. 10, 2011, order) (not designated for publication); *Ex parte Enriquez*, 227 S.W.3d 779, 784 (Tex. App.—El Paso 2005, pet. ref'd).

Within thirty days after the date of this order, the trial court is directed to (1) enter an order consistent with the requirements of Article 11.072, section 7(a), which may include findings of fact and conclusions of law, and (2) deliver any orders and findings of fact and conclusions of law to the trial court clerk. The trial court clerk shall prepare a supplemental clerk's record containing any such orders and the findings of fact and conclusions of law, if any. The supplemental clerk's record is due to be filed in this court on or before May 11, 2015.

This appeal is abated.

PER CURIAM

April 9, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3