COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Ex Parte Jose Luis Nassar Rodriguez

Appellate case number:      01-17-00960-CR

Trial court case number:    1484221-A

Trial court:                180th District Court of Harris County

This is an appeal from the denial of an application for writ of habeas corpus. The clerk's record shows that the trial court stamped a notation on appellant's application that it was denied on November 29, 2017. However, neither a separate written order was signed denying the application as frivolous nor findings of fact or conclusion of law were included with the clerk's record filed on December 27, 2017, as required by Texas Code of Criminal Procedure Article 11.072, section 7(a). *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a) (West 2015) (requiring order either to find application frivolous or to include findings of fact and conclusions of law). Appellant also requested findings of fact and conclusions of law with the trial court on December 19, 2017. Appellant has filed a motion in this Court requesting that we abate the appeal for the trial court to file findings of fact and conclusions of law.

We **grant** appellant's motion in part. We **abate** the appeal and **remand** for the trial court to enter an order (1) finding that the application was frivolous or (2) to enter written findings of fact and conclusions of law, separate and apart from any docket sheet notations in this case, in conjunction with the trial court's denial of appellant's habeas application. *See Ex parte Villanueva*, 252 S.W.3d 391, 396 (Tex. Crim. App. 2008) (reversing and remanding habeas denial because "[i]f the [trial] court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous," but "[t]he trial judge is required to enter findings of fact and conclusion of law along with a written order in all other cases") (citing, *inter alia*, TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a)); *see also Ex parte Zantos-Cuebas*, 429 S.W.3d 83, 91–92 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (reversing and remanding habeas denial for trial court to enter findings of fact and conclusions of law after holding that trial court had erred in denying application as frivolous); *Ex parte Enriquez*, 227 S.W.3d 779, 784–85 (Tex. App.—El Paso 2005, pet. ref'd) (remanding case so that trial court, which neither made written finding that habeas application was frivolous nor entered findings of fact and conclusions of law, could comply with statute); TEX. R. APP. P. 44.4(b).

The trial court shall make the appropriate order or findings and conclusions and shall cause them to be filed with the trial court clerk within **30 days** of the date of this order. We further order the trial court clerk to file a supplemental clerk's record containing the trial court's order or findings and conclusions with this Court within **30 days** of the date of this order.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket without further order of the Court when the supplemental clerk's record is filed in this Court.

It is so **ORDERED**.


Judge's signature: /s/ Sherry Radack

☒ Acting individually    □ Acting for the Court


Date: February 15, 2018