**Opinion filed September 27, 2018**



## In The

# Eleventh Court of Appeals

_____

## No. 11-18-00216-CR

_____

## IN RE DENNIS JAY RUCKMAN

**Original Mandamus Proceeding**

## M E M O R A N D U M   O P I N I O N

Relator, Dennis Jay Ruckman, has filed a petition for writ of mandamus in this court.  He requests that we require the Honorable Jason C. Cashon, judge of 266th District Court in Erath County, to abide by the terms of the plea bargain agreement and dismiss the proceedings and discharge Relator based on his successful completion of deferred adjudication community supervision.  We deny Relator's petition for want of mandamus.

In order to obtain mandamus relief in a criminal setting, the Court of Criminal Appeals requires that the relator establish two things: (1) that the act that he seeks to compel is a ministerial act, not involving a discretionary or judicial decision, and (2) that he has no adequate remedy at law to redress his alleged harm.  *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210

(Tex. Crim. App. 2007; *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004). Although we agree that Relator has established that the act he seeks to compel is ministerial based on the mandatory language of the applicable statute,[1] Relator has not established that he does not have an adequate remedy at law. An application for writ of habeas corpus is available to Relator pursuant to Article 11.072 of the Texas Code of Criminal Procedure. *See Ex parte Enriquez*, 227 S.W.3d 779, 783 (Tex. App.—El Paso 2005, pet. ref'd); *see also Ex parte Heilman*, 456 S.W.3d 159, 161 (Tex. Crim. App. 2015) (addressing a habeas corpus claim where the relator had completed deferred adjudication community supervision). The court in *Enriquez* concluded that, with respect to an application for writ of habeas corpus filed by a person who has completed his term of deferred adjudication community supervision, the legislature "has clearly extended the jurisdiction of a trial court" to hear the writ of habeas corpus pursuant to Article 11.072. 227 S.W.3d at 783.

Relator's petition for writ of mandamus fails to demonstrate that his right to pursue a remedy by way of a writ of habeas corpus would be inadequate to address the alleged error he now asserts. A petition for writ of habeas corpus is generally an adequate remedy that will preclude mandamus relief. *In re Piper*, 105 S.W.3d 107, 109 (Tex. App.—Waco 2003, orig. proceeding); *see Banales v. Court of Appeals for the Thirteenth Judicial Dist.*, 93 S.W.3d 33, 36 (Tex. Crim. App. 2002) (orig. proceeding). Therefore, Relator has failed to satisfy the second requirement of the mandamus standard set forth above.

---

[1]The applicable statute—former Article 42.12, section 5(c) of the Code of Criminal Procedure—provided in relevant part: "On expiration of a community supervision period imposed under Subsection (a) of this section, if the judge has not proceeded to adjudication of guilt, the judge *shall dismiss the proceedings against the defendant and discharge him.*" Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 1, 1997 Tex. Gen. Laws 2250 (emphasis added). The current version of the Code of Criminal Procedure contains similar mandatory language regarding dismissal and discharge. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.111(a) (West 2018).

We note that such a dismissal and discharge will not affect any duty that Relator may have to register as a sex offender. *See* TEX. CODE CRIM. PROC. ANN. arts. 62.001(5), 62.002 (West 2018); *see also Reynolds v. State*, 423 S.W.3d 377, 382–83 (Tex. Crim. App. 2014).

2

Relator asserts that mandamus relief is appropriate because he is entitled to specific performance of the plea bargain agreement. *See Perkins v. Court of Appeals for Third Supreme Judicial Dist. of Tex., at Austin*, 738 S.W.2d 276, 277–78, 283–84 (1987) (orig. proceeding); *In re Gooch*, 153 S.W.3d 690, 694 (Tex. App.—Tyler 2005, orig. proceeding). While we agree that a trial court has a ministerial duty to enforce a plea agreement and that mandamus may be an appropriate remedy when a trial court fails to sentence a defendant according to the terms of a plea agreement that has been accepted by the trial court, we do not believe that specific performance or mandamus is appropriate in this case. The plea bargain agreement that Relator and the State entered into was attached to the petition for writ of mandamus filed in this court. We have reviewed all of the plea papers attached to the petition, and nowhere in those papers do the parties mention dismissal or discharge. Relator's entitlement to dismissal and discharge is therefore statutory, not contractual, under the circumstances presented in this cause. Thus, the specific performance line of cases relied on by Relator is inapposite here.

Accordingly, we must deny Relator's petition for writ of mandamus.

September 27, 2018                                          JIM R. WRIGHT

Do not publish. *See* TEX. R. APP. P. 47.2(b).            SENIOR CHIEF JUSTICE

Panel consists of: Bailey, C.J.;
Gray, C.J., 10th Court of Appeals[2];
and Wright, S.C.J.[3]

Willson, J., not participating.

---

[2]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.

3