

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-12-00043-CR

_____

EX PARTE:
WILLIAM MARBIE JONES

Original Habeas Corpus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

O P I N I O N

William Marbie Jones' application for writ of habeas corpus was summarily denied by the trial court in a written order that made no recitation either that Jones was "manifestly entitled to no relief" or that the application was "frivolous." *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a) (West 2005). Because we cannot determine whether the denial was on such basis, we reverse, without reaching the merits of Jones' application and remand for further proceedings in accordance with this opinion. *See Ex parte Enriquez*, 227 S.W.3d 779 (Tex. App.—El Paso 2005, pet. ref'd).

Jones had earlier pled guilty to driving while intoxicated. On April 12, 1996, Jones' sixty-day jail sentence was suspended, and he was placed on community supervision for sixty days and ordered to pay a $281.00 fine. Jones filed an application for writ of habeas corpus December 1, 2011. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2005). The trial court denied the writ, leading to this appeal.

Article 11.072 of the Texas Code of Criminal Procedure "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1. "[T]he trial court shall enter a written order granting or denying the relief sought in the application." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 6(a). Under the statutory scheme, one option open to the trial court faced with such an application is

2

determining from the face of the application or its attachments that "the applicant is manifestly entitled to no relief."

> If the court determines from the face of the application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous. In any other case, the court shall enter a written order including findings of fact and conclusions of law. The court may require the prevailing party to submit a proposed order.

TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a).

In this case, the trial court did not find that appellant is "manifestly entitled to no relief" and did not deny his application as "frivolous." The trial court also entered into the record no findings of fact and conclusions of law, a requirement in cases where the court has not summarily denied an application as frivolous. Because the record does not reveal either that the trial court's order indicates Jones' application was denied as frivolous or, alternatively, that findings of fact and conclusions of law were entered, we must reverse the denial and remand this matter for further proceedings consistent with this opinion. *See Enriquez*, 227 S.W.3d at 784–85.

Josh R. Morriss, III
Chief Justice

Date Submitted: May 21, 2012
Date Decided: May 23, 2012

Publish

3