

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-13-00494-CR

**EX PARTE** Richard Anthony **BALDEZ**

From the County Court at Law No. 4, Bexar County, Texas
Trial Court No. 2519
Honorable Sarah Garrahan, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Rebeca C. Martinez, Justice

Delivered and Filed: January 8, 2014

APPEAL ABATED

This appeal arises from the trial court's denial of Richard Anthony Baldez's post-conviction application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1 (West Supp. 2013). We abate the appeal for the trial court to clarify its Order of June 25, 2013 consistent with article 11.072, section 7(a) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a) (West Supp. 2013).

### BACKGROUND

Baldez was convicted of the misdemeanor offense of driving while intoxicated; punishment was assessed at 180 days in the Bexar County jail, probated for eight months, and a $500 fine. A panel of this court affirmed the trial court's judgment. *See Baldez v. State*, 386 S.W.3d 324 (Tex. App.—San Antonio 2012, no pet.). A petition for discretionary review was not filed in the Court

of Criminal Appeals. On June 20, 2013, Baldez filed a pro se application for post-conviction writ

of habeas corpus. Without holding a hearing, the trial court signed an order denying the writ.

Baldez now appeals the trial court's denial of his application for writ of habeas corpus.

## STANDARD OF REVIEW

We review a trial court's decision to grant or deny the relief requested on a writ of habeas

corpus under an abuse of discretion standard. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim.

App. 2006); *Ex parte Cummins*, 169 S.W.3d 752, 755 (Tex. App.—Fort Worth 2005, no pet.).

## DISCUSSION

Baldez filed his application for writ of habeas corpus pursuant to article 11.072 of the Texas

Code of Criminal Procedure, which establishes the procedures for an application in a

"misdemeanor case in which the applicant seeks relief from an order or judgment of conviction

ordering community supervision." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1 (West Supp.

2013). Section 7(a) provides that:

> If the court determines from the face of the application or documents attached to
> the application that the applicant is manifestly entitled to no relief, the court shall
> enter a written order denying the application as frivolous. In any other case, the
> court shall enter a written order including findings of fact and conclusions of law.

TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a) (West Supp. 2013).

Here, the trial court's order did not find the application "frivolous," but failed to include

findings of fact and conclusions of law. The entirety of the trial court's order provides as follows:

> On this the 25th day of June, 2013, after reviewing the Applicant's Writ, the Court
> finds from the face of the application that the Applicant is manifestly entitled to no
> relief. All matters raised by Applicant can be determined from the appellate record.
> The Court finds that no hearing is necessary. All relief is denied.

Baldez thus argues that because the trial court found that he was "manifestly entitled to no relief,"

the trial court should have denied the application "as frivolous," or if not, included findings of fact

and conclusions of law.

We agree that pursuant to article 11.072, a finding that the applicant is "manifestly entitled to no relief" compels that the application be denied "as frivolous." *Id*. "In any other case," the statute requires the trial court to enter a written order including findings of fact and conclusions of law in its order. *Id*.; *Ex parte Enriquez*, 227 S.W.3d 779, 783-84 (Tex. App.—El Paso 2005, pet. ref'd) ("By statute, if the trial court finds that the applicant was 'manifestly entitled to no relief' from the face of the application, it is required to enter a finding of 'frivolous.'"). Because the trial court's order in this case is unclear, we are unable to determine whether or not the trial court should have made findings of fact and conclusions of law. Accordingly, without addressing the merits of the issues raised in this appeal, we abate the appeal to permit the trial court to clarify its June 25, 2013 order consistent with article 11.072, section 7(a). TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a) (West Supp. 2013); *Enriquez*, 227 S.W.3d at 784-85; *see also Ex parte Jones*, 367 S.W.3d 696, 697 (Tex. App.—Texarkana 2012, no pet.).

The trial court shall, within thirty days after the date of this order: (1) make appropriate orders and, if appropriate, enter findings of fact and conclusions of law; and (2) deliver any orders and findings of fact and conclusions of law to the trial court clerk. The trial court clerk shall: (1) prepare a supplemental clerk's record containing all orders and findings of fact and conclusions of law which the trial court renders or makes; and (2) file the supplemental clerk's record with the clerk of this Court within thirty days after the date of this order.

PER CURIAM

PUBLISH