# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00062-CR

**Ex parte Jolando King**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 450TH JUDICIAL DISTRICT
### NO. D-1-DC-16-201710, HONORABLE BRAD URRUTIA, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Jolando King was charged with the felony offense of driving while intoxicated with two prior convictions for driving while intoxicated. *See* Tex. Penal Code §§ 49.04 (setting out elements of offense of driving while intoxicated), .09(b) (providing that offense is third-degree felony if defendant "has previously been convicted . . . two times of any offense relating to the operation of a motor vehicle while intoxicated"). Under the terms of a plea-bargain agreement, King agreed to enter a plea of guilty in exchange for a reduced sentence. After accepting King's guilty plea, the district court assessed King's punishment at five years' imprisonment but elected to place King on community supervision for three years. *See id.* § 12.34 (listing permissible punishment range for third-degree felony). Following his conviction, King filed an application for writ of habeas corpus challenging his conviction. *See* Tex. Code Crim. Proc. art. 11.072 (establishing "the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community

supervision"). After reviewing the application, the district court denied King's application for writ of habeas corpus. The order denying the requested relief provided as follows: "After careful consideration, the application is **DENIED**." In a single issue on appeal, King challenges the district court's ruling on his habeas application.

## DISCUSSION

On appeal, King asserts that the district "court erred in denying" his application for writ of habeas corpus without "making a recitation that the application was frivolous" or "entering findings of fact and conclusions of law" as required by article 11.072 of the Code of Criminal Procedure. That provision states in relevant part as follows: "If the court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous. In any other case, the court shall enter a written order including findings of fact and conclusions of law." Tex. Code Crim. Proc. art. 11.072, § 7(a). In light of this statutory provision, King asserts that when the district court denied his habeas application, it had the options of issuing an order expressly stating that his requested relief was "frivolous" or issuing an order denying his requested relief and including the statutorily required findings and conclusions. However, King observes that the district court's order denying his habeas application did not state that his requested relief was frivolous or contain any findings or conclusions. Accordingly, King contends that this Court should reverse the district court's order and remand for further proceedings.

In its appellee's brief, the State argues that this Court should not address the alleged error because King failed to preserve his complaint for appellate consideration. *See* Tex. R. App.

2

P. 33.1 (setting out requirements for preserving "a complaint for appellate review"). As support for this argument, the State refers to an opinion issued by the court of criminal appeals. *See State v. Terrazas*, 4 S.W.3d 720 (Tex. Crim. App. 1999). In *Terrazas*, the trial court suppressed a statement made by the defendant to a police officer after concluding that the statement was involuntarily made, and the State appealed that order. *Id.* at 721. When making its determination after convening a suppression hearing, the trial court made no findings of fact or conclusions of law. *Id.* at 725. While "[v]iewing the evidence in the light most favorable to the trial court's ruling," the court of criminal appeals determined that "the trial court's legal ruling on the voluntariness issue was erroneous" because the testimony "did not raise a voluntariness question." *Id.* at 726, 727.

After reaching this conclusion, the court of criminal appeals addressed an argument regarding whether the case should have been remanded to allow the trial court to issue "findings of fact and conclusions of law." *Id.* at 727. Further, the court referred to section six of article 38.22 of the Code of Criminal Procedure, *id.*, which states that if a trial court determines that a statement was *voluntarily* made, the trial court must issue "specific finding of facts upon which the conclusion was based," Tex. Code Crim. Proc. art. 38.22, § 6. Moreover, the court of criminal appeals explained that because "the trial court in this case decided appellee's statement was involuntary, then it was not required to 'enter an order' containing its findings of fact and conclusions of law" under section six. *Terrazas*, 4 S.W.3d at 728. Finally, the court reasoned that even if section six applied, it was "not inclined to exercise [its] discretion to remand this case *sua sponte* to the trial court for findings of fact and conclusions of law" where "[n]either party has complained about the absence of findings and conclusions" and observed that the right "to findings and conclusions is a statutory 'right' which is forfeited by a party's failure to insist upon its implementation." *Id.* Based on the last comment

3

by the court of criminal appeals set out above, the State contends that a similar rule should be applied to errors arising under article 11.072 and that, therefore, King should not be allowed to challenge the district court's order because King failed to insist that the district court provide findings and conclusions or specify that his requested habeas relief was frivolous.

We believe that the State's reliance on the statement from *Terrazas* is misplaced for several reasons. First, prior to making the statement at issue, the court had already determined that section six did not apply to the facts of that case, and the court was not presented with a situation in which a party was asserting that the trial court erred by failing to make required findings and conclusions. Accordingly, the statement by the court of criminal appeals would seem to be dicta. *See Aguirre-Mata v. State*, 125 S.W.3d 473, 476 (Tex. Crim. App. 2003) (explaining that dicta has no binding effect). More importantly, in a subsequent case, the court of criminal appeals expressly determined that section six "requires the trial court to make written fact findings and conclusions of law as to whether the challenged statement was made voluntarily" and that the language of the rule is mandatory and requires compliance regardless of whether the defendant objects to the omission of the required findings and conclusions. *See Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004). Further, the court concluded that because "the trial court did not issue the requisite written findings of fact and conclusions of law," the case should be remanded to the trial court with instructions that the trial court comply with the provisions of section six. *See id.* For these reasons, we do not believe that the comment made by the court of criminal appeals in *Terrazas* compels a conclusion that King may not challenge the district court's order in this case for failing to comply with article 11.072.

4

Additionally, numerous courts of appeals, including this one, have determined that a trial court's failure to comply with the mandatory language in section seven of article 11.072 by either not specifying in an order that a habeas application was frivolous or not issuing findings and conclusions supporting a denial of a request for habeas relief requires corrective action on appeal. *See, e.g.*, *Hernandez-Prado v. State*, Nos. 03-15-00289—00290-CR, 2015 WL 5919965, at *1 (Tex. App.—Austin Oct. 7, 2015, order) (per curiam); *Ex parte Baldez*, 510 S.W.3d 477, 479 (Tex. App.—San Antonio 2014, no pet.); *Ex parte Jones*, 367 S.W.3d 696, 697 (Tex. App.—Texarkana 2012, no pet.); *Ex parte Enriquez*, 227 S.W.3d 779, 784 (Tex. App.—El Paso 2005, pet. ref'd).

In light of the mandatory language of section seven and in light of the prior determination by the court of criminal appeals in *Urias* that claims similar to the one presented here but under a different statute may be brought on appeal regardless of whether the claims were presented to a trial court, we conclude that King's appellate issue is properly before this Court.

Having reviewed the district court's order denying King's habeas relief and the governing statutory provision, we agree with King that the order does not comply with the mandatory requirements of section seven of article 11.072, but we disagree with King regarding the appropriate remedy. As set out above, King contends that the district court's order should be reversed and that the case should be remanded for further proceedings. Although King correctly points out that some appellate courts have reversed a trial court's ruling and remanded the case if the requirements of section seven were not met, *see Ex parte Garcia*, No. 13-16-00462-CR, 2018 WL 1545505, at *2-3 (Tex. App.—Corpus Christi Mar. 29, 2018, no pet.) (mem. op., not designated for publication); *Ex parte Garcia*, No. 13-14-00501-CR, 2016 WL 454997, at *3 (Tex. App.—Corpus Christi Feb. 4,

2016, no pet.) (mem. op., not designated for publication); *Ex parte Jones*, 367 S.W.3d at 697; *Ex parte Garcia*, No. 14-10-00978-CR, 2012 WL 760907, at *2 (Tex. App.—Houston [14th Dist.] Mar. 8, 2012, no pet.) (mem. op., not designated for publication), several appellate courts presented with that issue, including this Court, have determined that the case should be abated instead, *see Ex parte Blanco*, No. 01-17-00383-CR (Tex. App.—Houston [1st Dist.] July 25, 2017, order); *Hernandez-Prado*, 2015 WL 5919965, at *1; *Ex parte Rojas*, No. 14-14-00781-CR (Tex. App.—Houston [14th Dist.] Jan. 22, 2015, order) (per curiam); *Ex parte Vasquez*, No. 01-14-00613-CR (Tex. App.—Houston [1st Dist.] Oct. 2, 2014, order); *Ex parte Baldez*, 510 S.W.3d at 479; *Ex parte Enriquez*, 227 S.W.3d at 784.

Moreover, Rule of Appellate Procedure 44.4 explains that appellate courts may not affirm or reverse a trial court's judgment if "the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals" and if "the trial court can correct its action or failure to act" and further instructs that in those circumstances appellate courts should, instead, "direct the trial court to correct the error." Tex. R. App. P. 44.4; *see also State v. Cullen*, 195 S.W.3d 696, 698 (Tex. Crim. App. 2006) (explaining that "Rule 44.4 authorizes the court of appeals to remand the case to the trial court" for entry of findings of fact and conclusions of law "so that the court of appeals is not forced to infer facts from an unexplained ruling").

In light of the guidance from Rule 44.4 and in light of the manner in which this Court has addressed this issue previously, we believe that the better practice in this case is to abate this appeal. Accordingly, we abate this appeal to allow the district court to clarify its December 12, 2017 order in a manner that is consistent with section seven of article 11.072. *See* Tex. Code Crim.

6

Proc. art. 11.072, § 7. The district court shall issue an order complying with section seven and, if warranted, enter findings of fact and conclusions of law supporting the order and shall arrange for the filing of a supplemental clerk's record containing the order and any findings and conclusions made by the district court no later than September 14, 2018. Further, the parties are ordered to file with this Court supplemental appellate briefing regarding the propriety of the district court's order and, if any are entered, of the district court's findings and conclusions. *See* Tex. R. App. P. 38.7 (authorizing appellate court to request supplemental briefing "whenever justice requires" and "on whatever reasonable terms the court may prescribe"). The supplemental appellant's brief will be due on or before October 15, 2018, and the supplemental appellee's brief will be due on or before the thirtieth day after the supplemental appellant's brief has been filed.

In addition, we observe that there may be an error in the district court's certification of King's right to appeal. When determining whether an appellant in a criminal case has the right to appeal, we examine the trial court's certification for defectiveness, defined as a certification that is "correct in form but which, when compared to the record before the court, proves to be inaccurate." *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). If the certification appears to be defective, we must obtain a correct certification. *Id.* at 614-15; *see* Tex. R. App. P. 34.5(c), 37.1.

In its certification, the district court checked the box indicating that this "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal." Although the record reflects that King entered into a plea-bargain agreement regarding the underlying offense of driving while intoxicated, the appeal at issue here concerns the district court's denial of King's habeas application,

7

and "an order denying an application for writ of habeas corpus arising from a community-supervision case is an appealable order." *See Ex parte Saylee*, No. 03-18-00124-CR, 2018 WL 1833533, at *1 (Tex. App.—Austin Apr. 17, 2018, order) (per curiam). Under the Rules of Appellate Procedure, a trial court is required to "enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order." Tex. R. App. P. 25.2(a)(2). When previously confronted with a similar certification in a habeas appeal, this Court explained that a certification of the right to appeal a post-conviction habeas ruling stating that the case was a plea-bargain case and that the individual had no right to appeal was defective even though a plea-bargain agreement was entered during the trial of the underlying offense because the appeal at issue was the denial of habeas relief under an appealable order issued after the conviction. *See Ex parte Saylee*, 2018 WL 1833533, at *1; *see also Ex parte Tarango*, 116 S.W.3d 201, 203 (Tex. App.—El Paso 2003, no pet.) (determining that certification requirement applies to orders "denying habeas corpus relief" ).

Based on the record before this Court, it appears that the district court's certification of King's right to appeal signed January 29, 2018, may be incorrect. Therefore, we abate the appeal and remand the case to the district court to either issue a new certification or issue findings of fact and conclusions of law explaining how this appeal constitutes an appeal of a plea-bargain case and what matters presented in the habeas application were ruled on before trial but not waived or withdrawn. *See* Tex. R. App. P. 37.1; *Dears*, 154 S.W.3d at 614-15. The amended certification or the findings and conclusions should be included in the supplemental clerk's record discussed above.

It is so ordered on August 14, 2018.

8

Before Justices Puryear, Pemberton, and Bourland

Abated and Remanded

Filed:   August 14, 2018

Do Not Publish