# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00198-CR

---

### Ex parte Gary Griffin

---

### FROM THE 22ND DISTRICT COURT OF HAYS COUNTY
### NO. CR-14-0432-A-WHC2, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Gary Lee Griffin was convicted by a jury of assault on a public servant and sentenced to two years' confinement and a $2,500 fine by the trial court, which suspended imposition of the sentence and placed Griffin on community supervision for four years. *See* Tex. Penal Code § 22.01(b)(1). His conviction was affirmed in a decision of this Court. *See Griffin v. State*, No. 03-15-00398-CR, 2017 WL 2229869, at *9 (Tex. App.—Austin May 19, 2017, pet. ref'd) (mem. op., not designated for publication). He also challenged the conviction through two Article 11.072 applications for writ of habeas corpus, which were denied by the trial court. *See* Tex. Code Crim Proc. art. 11.072 (establishing procedures for habeas application in which applicant seeks relief from judgment of conviction ordering community supervision). In two issues on appeal, Griffin contends that the trial court erred by refusing to grant him an out-of-time appeal of the first application's denial and by failing to include findings of fact and

conclusions of law in its order denying the second application. We abate the appeal for the trial court to clarify its order denying Griffin's second application for writ of habeas corpus.

## BACKGROUND

Griffin filed his initial 11.072 habeas application on August 31, 2020, and the trial court denied it on October 20, 2020, without conducting a hearing. In affidavits filed with the trial court, both Griffin and his habeas counsel attested that they were not provided notice of the denial and only learned of the court's ruling when counsel called the trial court clerk's office on December 14, 2020. An email from the clerk's office to the State, in which a deputy clerk stated that the trial court's order was uploaded to the clerk's files but not sent out, appears to confirm the clerk's office's failure to notify Griffin as required by statute. *See id.* art. 11.072, § 7(b) (providing that trial court clerk must, at time order is entered, send copy of order to applicant and State "immediately").

Griffin filed his second application on March 16, 2021—93 days after he received notice of the trial court's denial of the first application. In his second application, he reraised the ineffective-assistance claim from his original application and newly contended that his right to due process would be violated unless the trial court allowed "an out-of-time appeal of [its] order on the first writ." The trial court denied the second application on April 5, 2021, without a hearing. Griffin filed his notice of appeal on April 22, 2021.

2

## DISCUSSION

**Findings of Fact and Conclusions of Law**

In his second issue, Griffin contends that the trial court erred by denying his second 11.072 application without entering findings of fact and conclusions of law.[1] Article 11.072, Subsection 7(a) "establishes two procedures by which a trial court may dispose of [an] application." *Ex parte Zantos-Cuebas*, 429 S.W.3d 83, 87–88 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (quoting Tex. Code Crim. Proc. art. 11.072, § 6(b)). The statute provides in relevant part:

> If the court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous. In any other case, the court shall enter a written order including findings of fact and conclusions of law.

Tex. Code Crim. Proc. art. 11.072, § 7(a).

"Express findings of fact are of particular importance in the article 11.072 context since trial judges deciding applications are allowed to 'rely on the court's personal recollection,' the contents of which would otherwise be untraceable on the written record." *Ex parte Zantos-Cuebas*, 429 S.W.3d at 91–92. Moreover, "appellate courts have less leeway to disregard the trial court's findings." *Ex parte Onyeahialam*, 558 S.W.3d 740, 743 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). "Virtually every fact finding involves a credibility determination," and "the fact finder is the exclusive judge of the credibility of the witnesses." *Ex parte Mowbray*, 943 S.W.2d 461, 465 (Tex. Crim. App. 1996) (discussing habeas proceedings).

We have previously explained that:

---

[1] For the sake of clarity and convenience, we address Griffin's issues out of order.

numerous courts of appeals, including this one, have determined that a trial court's failure to comply with the mandatory language in section seven of article 11.072 by either not specifying in an order that a habeas application was frivolous or not issuing findings and conclusions supporting a denial of a request for habeas relief requires corrective action on appeal.

*Ex parte King*, No. 03-18-00062-CR, 2018 WL 3849468, at *2 (Tex. App.—Austin Aug. 14, 2018, order) (per curiam) (mem. op., not designated for publication) (citing *Hernandez-Prado v. State*, Nos. 03-15-00289-CR & 03-15-00290-CR, 2015 WL 5919965, at *1 (Tex. App.—Austin Oct. 7, 2015, order) (per curiam) (mem. op., not designated for publication); *Ex parte Baldez*, 510 S.W.3d 477, 479 (Tex. App.—San Antonio 2014, no pet.); *Ex parte Jones*, 367 S.W.3d 696, 697 (Tex. App.—Texarkana 2012, no pet.); *Ex parte Enriquez*, 227 S.W.3d 779, 784 (Tex. App.—El Paso 2005, pet. ref'd)).  When a trial court enters an unclear order or one that neither finds the application frivolous nor includes findings of fact and conclusions of law, we must abate the appeal and remand the case to the trial court for clarification.  *Id.* (citing cases); *see Ex parte Sanchez*, --- S.W.3d ---, No. 01-18-00139-CR, 2022 WL 3036013, at *2 (Tex. App.—Houston [1st Dist.] Aug. 2, 2022, pet. ref'd) (en banc) ("Because the habeas court's order did not deny Sanchez's habeas application as frivolous and the clerk's record did not include the required findings of fact and conclusions of law, this Court abated the appeal.").

In the present case, the trial court entered the following order denying Griffin's second application:

The [c]ourt finds that there are not any controverted, previously unresolved facts material to the legality of [Griffin]'s confinement, or that due process was violated by not receiving a certified copy or encrypted email of the order [denying the first application] since [Griffin] had notice of the decision on December 14, 2020 and failed to file a motion for an out-of-time appeal within thirty days of

having notice. After due consideration, the relief requested in the Application for Post-Conviction Writ of Habeas Corpus is hereby DENIED without a hearing.

Griffin argues that because the trial court did not find his application to be "frivolous," the court should have included findings of fact and conclusions of law in its order denying the application. The State, in contrast, asserts that "[t]he findings reflected in the order, and the legal conclusions laid out, are both 1) sufficient to constitute the findings and conclusions that Applicant claims the court should make and 2) sufficient to indicate the trial court was denying the application as frivolous."

We agree with Griffin that the order does not comply with Subsection 7(a)'s requirements. The State's argument that the trial court both denied the application as frivolous and made findings of fact and conclusions of law is telling. By the statute's wording, the two procedures are mutually exclusive. *See* Tex. Code Crim. Proc. art. 11.072, § 7(a); *see also Ex parte Jones*, 367 S.W.3d at 697 ("[T]he record does not reveal either that the trial court's order indicates Jones' application was denied as frivolous or, alternatively, that findings of fact and conclusions of law were entered."); *Ex parte Zantos-Cuebas*, 429 S.W.3d at 88 ("Determining from the face of an application for habeas corpus and accompanying documents whether the applicant is 'manifestly entitled to no relief' does not involve making findings of fact.").

It appears, rather, that the trial court neither denied the second application as frivolous nor entered findings of fact and conclusions of law. Because the trial court's order is unclear, we are unable to determine whether the court should have entered findings and conclusions. Accordingly, we abate the appeal to allow the court to clarify its April 5, 2021 order in a manner consistent with Subsection 7(a) of Article 11.072. *See Ex parte Baldez*,

5

510 S.W.3d at 479; *Ex parte Enriquez*, 227 S.W.3d at 784–85; *Ex parte King*, 2018 WL 3849468, at *2; *Hernandez-Prado*, 2015 WL 5919965, at *1.

The trial court shall issue an order complying with Subsection 7(a) and, if warranted, include all findings of fact and conclusions of law necessary for the disposition of this appeal. The court shall also file a supplemental clerk's record containing the order and any findings and conclusions no later than May 1, 2023. Further, the parties are ordered to file with this Court supplemental appellate briefing regarding the propriety of the trial court's order and, if any are entered, of its findings and conclusions. See Tex. R. App. P. 38.7 (authorizing appellate court to request supplemental briefing "whenever justice requires" and "on whatever reasonable terms the court may prescribe"). The supplemental appellant's brief will be due on or before June 1, 2023, and the supplemental appellee's brief will be due on or before the thirtieth day after the supplemental appellant's brief has been filed. Griffin's second issue is sustained.

**Out-of-Time Appeal**

In his first issue, Griffin contends that the trial court erred by rejecting his request for an out-of-time appeal of the denial of his first 11.072 application. Texas Rule of Appellate Procedure 44.4 provides in relevant part that a court of appeals must not affirm or reverse a judgment if the trial court's "erroneous action . . . prevents the proper presentation of a case to the court of appeals," and "the trial court can correct its action." Tex. R. App. P. 44.4; *see also State v. Cullen*, 195 S.W.3d 696, 698 (Tex. Crim. App. 2006) (explaining that "Rule 44.4 authorizes the court of appeals to remand the case to the trial court" for entry of findings of fact and conclusions of law "so that the court of appeals is not forced to infer facts from an unexplained ruling"). Accordingly, because we sustain Griffin's second issue, we will not

6

address the merits of his first issue here. *See Ex parte Baldez*, 510 S.W.3d at 479 (abating appeal for clarification "without addressing the merits of the issues raised in [the] appeal").

## CONCLUSION

We sustain Griffin's second issue and abate this appeal to the trial court to clarify its April 5, 2021 order in a manner consistent with Subsection 7(a) of Article 11.072. *See* Tex. Code Crim. Proc. art. 11.072, § 7(a); Tex. R. App. P. 43.6 (providing that court of appeals may make "any other appropriate order that the law and the nature of the case require").


Before Chief Justice Byrne, Justices Triana and Smith

Abated and Remanded

Filed:   April 7, 2023

Do Not Publish