

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-13-00494-CR

**EX PARTE** Richard Anthony **BALDEZ**

From the County Court at Law No. 4, Bexar County, Texas
Trial Court No. 2519
Honorable Sarah Garrahan, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  May 14, 2014

REVERSED AND REMANDED

Richard Anthony Baldez appeals from the trial court's order denying his post-conviction application for writ of habeas corpus as frivolous.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West Supp. 2013).  In a single issue, he contends the trial court erred in denying his application for writ of habeas corpus because his appellate counsel rendered ineffective assistance in failing to inform him of his right to file a pro se petition for discretionary review.  We reverse the trial court's order denying the habeas corpus application as frivolous because it cannot be determined from the face of the application that Baldez is "manifestly entitled to no relief."  Accordingly, we remand the case for the entry of a written order including findings of fact and conclusions of law on the merits of the application.  *Id*. § 7 (West Supp. 2013).

BACKGROUND

After a jury trial, Baldez was convicted of the misdemeanor offense of driving while intoxicated; punishment was assessed at 180 days in the Bexar County jail, probated for eight months, and a $500 fine. A panel of this court affirmed the trial court's judgment. *See Baldez v. State*, 386 S.W.3d 324 (Tex. App.—San Antonio 2012, no pet.). A petition for discretionary review was not filed in the Court of Criminal Appeals. On June 20, 2013, Baldez filed a pro se application for post-conviction writ of habeas corpus seeking vacation of his conviction and leave to file an out-of-time petition for discretionary review in the Texas Court of Criminal Appeals. In his application, he alleged that he received ineffective assistance of counsel at trial and on direct appeal, and that appellate counsel was ineffective in neglecting to notify him of his right to file a pro se petition for discretionary review. On June 25, 2013, the trial court denied Baldez's habeas corpus application without holding a hearing. In its order, the trial court stated that Baldez "is manifestly entitled to no relief"; however, it did not specify that Baldez's habeas corpus application was denied as frivolous. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a). After we ordered the appeal abated, *see Ex parte Baldez*, No. 04-13-00494-CR, - - - S.W.3d - - -, 2014 WL 60094, at *2 (Tex. App.—San Antonio Jan. 8, 2014, no pet.), the trial court entered a clarifying order, whereby the trial court found from the face of the habeas corpus application that Baldez was "manifestly entitled to no relief" and that the application was "frivolous." The trial court further found that no hearing was necessary and denied all relief. We now review Baldez's complaint that the trial court improperly denied his application for post-conviction writ of habeas corpus as frivolous.

APPLICABLE LAW & STANDARD OF REVIEW

Texas Code of Criminal Procedure article 11.072 allows an application for post-conviction writ of habeas corpus in a felony or misdemeanor case in which the applicant, as here, seeks relief

from a judgment of conviction ordering community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1. The application must be made to the trial court in which community supervision was imposed. *See id.* § 2. At the time the application is filed, the applicant must be, or have been, on community supervision, and the application must challenge the legal validity of (1) the conviction or (2) the conditions of community supervision. *Id.*

When reviewing the trial court's denial of an application for writ of habeas corpus under Texas Code of Criminal Procedure article 11.072, we view the facts in the light most favorable to the trial court's ruling and uphold that ruling absent an abuse of discretion. *See Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). As an appellate court, however, we "review *de novo* those 'mixed questions of law and fact' that do not depend upon credibility and demeanor." *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007); *see also Ex Parte Weinstein*, 421 S.W.3d 656, 664 (Tex. Crim. App. 2014); *Ex parte Zantos-Cuebas*, No. 01-13-00958-CR, 2014 WL 715057, at *3 (Tex. App.—Houston [1st Dist.] Feb. 25, 2014, no pet. h.). "[I]f the court's application of the law to the facts does not rest on factual findings, it is afforded no deference and we review de novo." *Ex parte Roberts*, 409 S.W.3d 759, 762 (Tex. App.—San Antonio 2013, no pet.).

Article 11.072 of the Code of Criminal Procedure requires the trial court receiving the application to enter a written order granting or denying the relief sought. TEX. CODE CRIM. PROC. ANN. art. 11.072, § 6(a). "In making its determination, the court may order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection." *Id.* art. 11.072, § 6(b). There are two ways by which a trial court may dispose of the application. *Id.* art. 11.072, § 7(a); *Ex parte Zantos-Cuebas*, 2014 WL 715057, at *3. The first way allows for summary dismissal of facially frivolous applications. TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a). It

applies when, looking solely to the face of the application and attached documents, the application is determined to be frivolous. *Id.* ("If the court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous."). In all other cases, a second procedure applies, and the trial court cannot rule on the application without entering findings of fact and conclusions of law. *Id.* ("In any other case, the court shall enter a written order including findings of fact and conclusions of law.").

Here, the trial court entered a written order denying the application as frivolous and did not enter written findings of fact or conclusions of law. We therefore begin our analysis by considering whether the court erred in determining "from the face of the application" that Baldez was "manifestly entitled to no relief" such that his application should be declared "frivolous." *See id.* We review de novo a trial court's determination that an application is frivolous. *See Peterson*, 117 S.W.3d at 819; *Roberts*, 409 S.W.3d at 762.

## DISCUSSION

On appeal, Baldez contends the trial court abused its discretion in denying his application for writ of habeas corpus requesting permission to file an out-of-time petition for discretionary review based on ineffective assistance of appellate counsel. Before considering the merits of Baldez's claim, we must first consider the State's argument that the trial court's order denying habeas relief should be affirmed because Baldez failed to verify his habeas petition. *See* TEX. CODE CRIM. PROC. ANN. art. 11.14 (West 2005) (stating that habeas corpus petition must include oath that allegations of the petition are true). The Court of Criminal Appeals recently reiterated that, in the context of both habeas petitions and motions for new trial, the absence of a verification does not prevent the trial court from acting or the appellate court from reviewing the trial court's action. *Druery v. State*, 412 S.W.3d 523, 532-33 (Tex. Crim. App. 2013) (citing *Ex parte Golden*,

991 S.W.2d 859, 861 (Tex. Crim. App. 1999)). "[N]othing in Article 11.14 indicates it was intended to limit the jurisdiction of this Court to consider [a habeas] application not in compliance with the oath requirement or any of its other requisites. . . . It is worded as a pleading requirement and does not contain words of prohibition. . . ." *Ex parte Golden*, 991 S.W.2d at 861. Therefore, although Baldez's habeas corpus application is not properly verified, we are not jurisdictionally barred from reviewing the trial court's order denying Baldez's application for writ of habeas corpus. *See Druery*, 412 S.W.3d at 533.

We now address Baldez's argument that he was denied his Sixth Amendment right of effective assistance of counsel when appellate counsel failed to notify him of his right to prepare and file a pro se petition for discretionary review, and that but for that deficient performance, he would have filed a pro se petition for discretionary review. The Court of Criminal Appeals has held that appellate counsel has a duty to timely inform an appellant of the appellate court's decision and of his right to pursue discretionary review on his own. *Ex parte Crow*, 180 S.W.3d 135, 138 (Tex. Crim. App. 2005); *Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997); *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006); *see also* TEX. R. APP. P. 48.4. Although there is no right to discretionary review, an appellant has a right to attempt to persuade the Court of Criminal Appeals to exercise its discretion. *Ex parte Owens*, 206 S.W.3d at 674.

The harm that occurs from counsel's failure to timely inform an appellant of his right to file a petition for discretionary review is that the appellant is deprived of the benefit of the entire proceeding. *Id.* Therefore, to satisfy the prejudice prong in this context, an applicant need only show that he would have sought discretionary review had counsel advised him of his right to do so. *Id.* at 675; *Ex parte Crow*, 180 S.W.3d at 138. If a trial court deems it credible, an applicant's allegation is sufficient to prove that he would have filed a petition for discretionary review had he been properly informed. *See Ex parte Owens*, 206 S.W.3d at 676.

On their face, the application and affidavits submitted by Baldez indicate that appellate counsel failed to notify Baldez of his right to file a pro se petition for discretionary review. Attached to Baldez's writ application is an affidavit from attorney Richard B. Dulaney, Jr. Dulaney averred that he consulted with Baldez's appellate counsel, Jeannette Sullivan, about filing a petition for discretionary review on Baldez's behalf, but agreed with Sullivan that the Court of Criminal Appeals would likely refuse the petition, and decided not to file one. Sullivan told Dulaney that she would notify Baldez of their decision. Dulaney had no knowledge of whether Sullivan relayed the information to Baldez. In Baldez's affidavit, he averred that Sullivan informed him that she had consulted with Dulaney and that they had decided not to file a petition for discretionary review. Sullivan further told Baldez that he could hire an attorney to file a writ to challenge his conviction, but Baldez claimed that Sullivan never told him that he could file a petition for discretionary review on his own behalf. In addition, Baldez stated that, "I would have filed the petition for discretionary review on my own if I had known I could file one." There is no evidence in the record contradicting Baldez's assertions that appellate counsel did not inform him of his right to pursue discretionary review on his own or that he would have sought discretionary review had counsel timely informed him of his right to do so. *See Ex parte Owens*, 206 S.W.3d at 676.

Based on the foregoing, we cannot agree that the face of the application and affidavits indicate that Baldez was "manifestly entitled to no relief." It was therefore error for the trial court to find that the application is frivolous. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 § 7(a). Accordingly, we remand the case to the trial court for the entry of findings of fact and conclusions of law on the merits of the application in accordance with section 7(a) of article 11.072. *See Ex parte Zantos-Cuebas*, 2014 WL 715057, at *8; *Ex parte Arjona*, 402 S.W.3d 312, 319 (Tex. App.—Beaumont 2013, no pet.) ("An appellate court may remand a habeas proceeding to the trial

court if the factual record has not been sufficiently developed."). We note that the State agrees that the proper remedy in this situation is to remand the case for further proceedings.

## CONCLUSION

We reverse the trial court's order denying Baldez's application for writ of habeas corpus as frivolous and remand the case to the trial court with instructions to hold a hearing, if necessary, and to enter a written order including findings of fact and conclusions of law on the issue of whether Baldez received ineffective assistance of counsel, specifically whether (1) appellate counsel failed to notify him of his right to prepare and file a pro se petition for discretionary review, and (2) but for that deficient performance, he would have filed a pro se petition for discretionary review.

Rebeca C. Martinez, Justice

PUBLISH