

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-13-00494-CR

**EX PARTE** Richard Anthony **BALDEZ**

From the County Court at Law No. 4, Bexar County, Texas
Trial Court No. 2519
Honorable Sarah Garrahan, Judge Presiding

Opinion by:  Rebeca C. Martinez, Justice

Sitting:  Karen Angelini, Justice
Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  August 20, 2014

AFFIRMED

Richard Anthony Baldez appeals from the trial court's order denying his post-conviction application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1 (West Supp. 2014). In a single issue, he contends the trial court erred in denying his application for writ of habeas corpus because his appellate counsel rendered ineffective assistance in failing to inform him of his right to file a pro se petition for discretionary review. After reviewing the trial court's findings, we now affirm the trial court's order denying the habeas corpus application.

### BACKGROUND

After a jury trial, Baldez was convicted of the misdemeanor offense of driving while intoxicated; punishment was assessed at 180 days in the Bexar County jail, probated for eight months, and a $500 fine. A panel of this court affirmed the trial court's judgment. *See Baldez v.*

*State*, 386 S.W.3d 324 (Tex. App.—San Antonio 2012, no pet.). A petition for discretionary review was not filed in the Texas Court of Criminal Appeals. On June 20, 2013, Baldez filed a pro se application for post-conviction writ of habeas corpus seeking to vacate his conviction and requesting leave to file an out-of-time petition for discretionary review in the Texas Court of Criminal Appeals. In his application, Baldez alleged that he received ineffective assistance of counsel at trial and on direct appeal, and that appellate counsel was ineffective in neglecting to notify him of his right to file a pro se petition for discretionary review.

On June 25, 2013, the trial court denied Baldez's habeas corpus application without holding a hearing. In its order, the trial court stated that Baldez "is manifestly entitled to no relief"; however, the trial court did not specify that Baldez's habeas corpus application was denied as frivolous. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a) (West Supp. 2014). Baldez appealed to this court, and we abated the appeal so that the trial court could clarify its order. *See Ex parte Baldez*, No. 04-13-00494-CR, - - - S.W.3d - - -, 2014 WL 60094, at *2 (Tex. App.—San Antonio Jan. 8, 2014, no pet.). The trial court entered a clarifying order, finding from the face of the habeas corpus application that Baldez was "manifestly entitled to no relief" and that the application was "frivolous." The trial court further found that no hearing was necessary and denied all relief. We subsequently reversed the trial court's order denying the habeas corpus application as frivolous because it could not be determined from the face of the application that Baldez was "manifestly entitled to no relief." *Ex parte Baldez*, No. 04-13-00494-CR, - - - S.W.3d - - -, 2014 WL 1908952, at *4 (Tex. App.—San Antonio May 14, 2014, no pet.). Specifically, we noted that the record contained no evidence "contradicting Baldez's assertions that appellate counsel did not inform him of his right to pursue discretionary review on his own or that he would have sought discretionary review had counsel timely informed him of his right to do so." *Id*. We remanded

the case for the entry of a written order including findings of fact and conclusions of law on "the issue of whether Baldez received ineffective assistance of counsel, specifically whether (1) appellate counsel failed to notify him of his right to prepare and file a pro se petition for discretionary review, and (2) but for that deficient performance, he would have filed a pro se petition for discretionary review." *Id.*; TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7 (West Supp. 2014).

Upon remand, the trial court held a hearing at which Baldez, his appellate counsel, and the attorney who assisted Baldez and appellate counsel on a pro bono basis testified. The pro bono attorney testified that he informed appellate counsel that there were no grounds on which to pursue a petition for discretionary review; he did not have any communication with Baldez in 2012. Appellate counsel testified that she did inform Baldez of his right to prepare and file a pro se petition for discretionary review. She stated that she informed him verbally, and also sent him emails informing him that he could go forward pro se or hire an attorney for that purpose. Copies of two emails were admitted at the hearing. Neither email confirms that counsel informed Baldez that he could file a petition for discretionary review himself; rather, the emails reveal that counsel advised Baldez that he could hire an attorney, at great cost, to file a writ on his behalf. Based on counsel's testimony that she verbally told Baldez that he could file a pro se petition for discretionary review, the trial court found that counsel did, in fact, tell Baldez that he could file a pro se petition for discretionary review.

## STANDARD OF REVIEW

The trial judge is the sole finder of fact in an article 11.072 habeas case. *Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011). As the Court of Criminal Appeals has explained, "[t]here is less leeway in an article 11.072 context to disregard the findings of a trial court." *Id.* at

788. "[T]he appellate court affords almost total deference to a trial court's factual findings when supported by the record, especially when those findings are based upon credibility and demeanor." *See State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013). Further, an "applicant's live, sworn testimony is a sufficient basis for upholding a decision to grant relief in an Article 11.072 habeas proceeding because the trial judge may believe any or all of a witness's testimony." *Id*. When, as here, the habeas court has made findings of fact and conclusions of law in support of its order, we review the trial court's order for an abuse of discretion. *Ex parte Skelton*, No. 04–12–00066–CR, - - - S.W. 3d - - -, 2014 WL 2198379, at *3 (Tex. App.—San Antonio May 28, 2014, no pet.) (op. on reh'g) (citing *Ex parte Garcia*, 353 S.W.3d at 787-88) (adopting the abuse of discretion standard set out in *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997) for appellate review of article 11.072 habeas proceedings).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Baldez applied for habeas relief on the grounds that he received ineffective assistance at trial, on direct appeal, and thereafter, when appellate counsel failed to inform him of his right to file a pro se petition for discretionary review. The only ground he challenges on appeal is the third: that he was denied his Sixth Amendment right to effective assistance of counsel when appellate counsel failed to notify him of his right to prepare and file a pro se petition for discretionary review, and that but for that deficient performance, he would have filed a pro se petition for discretionary review. Because Baldez wholly failed to brief his allegations of ineffective assistance at trial and on direct appeal, we hold that he has waived those complaints on appeal. *See* TEX. R. APP. P. 38.1(f), (h), (i).

As to Baldez's complaint regarding appellate counsel's failure to inform him of his right to file a pro se petition for discretionary review, we conclude that the trial court did not abuse its

discretion in denying Baldez's application for habeas corpus. Baldez had the burden of proving appellate counsel failed to inform him of his right to file a pro se petition for discretionary review. *See Guerrero*, 400 S.W.3d at 583 (article 11.072 applicant has the burden to prove by a preponderance of the evidence that he is entitled to relief). At the habeas hearing, appellate counsel testified that she verbally informed Baldez of his right to file a pro se petition for discretionary review. Based on counsel's affirmation, the trial court, who was in the best position to observe the witness's credibility and demeanor, found that appellate counsel had in fact informed Baldez of his right to file a pro se petition for discretionary review. Mindful of the deferential standard of review, and that the trial court is the sole fact finder in an 11.072 habeas case, we cannot conclude that the trial court abused its discretion in denying the application for writ of habeas corpus. *See Ex parte Garcia*, 353 S.W.3d at 787; *Guerrero*, 400 S.W.3d at 583. Accordingly, we overrule Baldez's issue on appeal, and affirm the trial court's order denying the application for writ of habeas corpus.

Rebeca C. Martinez, Justice

DO NOT PUBLISH