In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00082-CR**
_____


**EX PARTE ADNAN ASGAR SHROFF**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 15-04-04199-CR**

**MEMORANDUM OPINION**

Adnan Asgar Shroff appeals the denial of his application for a writ of habeas corpus seeking relief from an order of deferred adjudication community supervision. *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2015). Shroff raised four grounds for relief in his habeas application. The first ground challenged the constitutionality of the statute under which Shroff was prosecuted, and the remaining grounds related to a defense to the offense charged. Shroff contends the trial court erred in finding that he is manifestly entitled to no relief. We review *de novo* a trial court's determination from the face of the application that the applicant is manifestly entitled

to no relief and that the application for a writ of habeas corpus is therefore frivolous.

*Ex parte Baldez*, 510 S.W.3d 492, 495 (Tex. App.—San Antonio 2014, no pet.).

## Constitutional Challenge

Shroff's habeas application alleged:

Texas Penal Code Section 33.021(c) violates the First Amendment to the United States Constitution, and is unconstitutional. This issue is currently before the Court of Criminal Appeals in at least three cases — *Leax v. State*, No. PD-0517-16; *Ex Parte Ingram*, No. PD-0578-16; and *Ex Parte McClellan*, No. WR-83,943-01. All three cases have been submitted, and we await opinions.

In the event that the Texas Court of Criminal Appeals holds section 33.021(c) unconstitutional in one of those three cases, Mr. Shroff will be entitled to immediate relief, for an unconstitutional statute cannot support a conviction.

Shroff's argument that he is entitled to habeas relief depends upon section 33.021(c) first being declared unconstitutional by the Texas Court of Criminal Appeals.[1] Because section 33.021(c) has not been declared constitutionally invalid, Shroff is manifestly not entitled to habeas relief on that ground.[2] The trial court did

_____

[1] The trial court's denial of a pre-trial habeas application in *Ingram* was affirmed after the trial court denied Shroff's application in this case. *See Ex parte Ingram*, No. PD-0578-16, 2017 WL 2799980, at *4, 12 (Tex. Crim. App. June 28, 2017).

[2] We note that, because the issue could have been brought on appeal, a challenge to the facial constitutionality of section 33.021 is not cognizable in habeas unless the statute has already been declared to be constitutionally invalid. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 3(a) (West 2015); *compare Ex parte Fournier*, 473 S.W.3d 789, 796 (Tex. Crim. App. 2015), *and Ex parte Chance*, 439 S.W.3d

not err by denying as frivolous a claim for relief that was based on a precondition that had not occurred.

### Summary Denial of Claims

Shroff's habeas application also alleged that he is actually innocent because he is not more than three years older than the minor in this case, his trial counsel was ineffective because he did not inform Shroff that the defense applied, and his guilty plea was involuntary because trial counsel did not inform him that he had a defense based on age. *See generally* Tex. Penal Code Ann. § 33.021(e)(2) (West Supp. 2016). In his appeal, Shroff argues that the allegations, if true, would entitle him to relief. *See generally Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985); *Ex parte Imoudu*, 284 S.W.3d 866, 871 (Tex. Crim. App. 2009).

The State concedes that it is not possible to determine the merits of Shroff's claims based solely upon the allegations contained in the application for a writ of habeas corpus. "An appellate court may remand a habeas proceeding to the trial court if the factual record has not been sufficiently developed." *Ex parte Arjona*, 402 S.W.3d 312, 319 (Tex. App.—Beaumont 2013, no pet.). Accordingly, we sustain issue one in part, set aside the trial court's order denying the habeas application, and

---

918, 918 (Tex. Crim. App. 2014), *with Ex parte Nelson*, 137 S.W.3d 666, 667 (Tex. Crim. App. 2004).

remand the case to the trial court for a determination of the merits of the application for a writ of habeas corpus. *See id.*; *see also* Tex. R. App. P. 31.3.

VACATED AND  REMANDED.

_____
CHARLES KREGER
Justice

Submitted on August 22, 2017
Opinion Delivered September 20, 2017
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.