# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00015-CR

## Ex parte Jerry Lavone Lively, Jr.

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2017-873, THE HONORABLE ELMA TERESA SALINAS-ENDER, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Jerry Lavone Lively, Jr., who is proceeding pro se, pleaded guilty to the offense of continuous violation of a protective order and was placed on deferred-adjudication community supervision for ten years. Lively later filed an application for writ of habeas corpus, alleging that (1) his guilty plea was involuntary; (2) he received ineffective assistance of counsel; (3) he was denied his right to a speedy trial; (4) he was denied his right to due process because of the State's failure to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and the Michael Morton Act, Tex. Code Crim. Proc. art. 39.14; (5) the evidence was insufficient to support his conviction; and (6) he was actually innocent of the offense. The district court denied Lively's application, and this appeal followed.

Article 11.072 of the Code of Criminal Procedure "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." Tex. Code Crim. Proc. art. 11.072, § 1. The trial court shall enter a written order granting or denying

the relief sought in the application, and "[i]n making its determination, the court may order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection." *Id*. art. 11.072, § 6(a)-(b).

Article 11.072 provides two separate procedures for trial courts to utilize when ruling on habeas applications. "The first way allows for summary dismissal of facially frivolous applications." *Ex parte Baldez*, 510 S.W.3d 492, 495 (Tex. App.—San Antonio 2014, no pet.) (citing Tex. Code Crim. Proc. art. 11.072, § 7(a)). "It applies when, looking solely to the face of the application and attached documents, the application is determined to be frivolous." *Ex parte Baldez*, 510 S.W.3d at 495; *see* Tex. Code Crim. Proc. art. 11.072, § 7(a) ("If the court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous."). "In all other cases, a second procedure applies, and the trial court cannot rule on the application without entering findings of fact and conclusions of law." *Id*.; *see* Tex. Code Crim. Proc. art. 11.072, § 7(a) ("In any other case, the court shall enter a written order including findings of fact and conclusions of law."); *see also Ex parte Morales*, No. 03-17-00461-CR, 2018 WL 4171271, at *3 (Tex. App.—Austin Aug. 31, 2018, no pet.) (mem. op., not designated for publication) ("If the trial court relies upon its personal recollections or its decisions about the credibility of affidavits or other attachments in deciding that habeas relief is inappropriate, the court should deny the application with findings of fact and conclusions of law."). "By the statute's wording, the two procedures are mutually exclusive." *Ex parte Griffin*, No. 03-21-00198-CR, 2023 WL 2837487, at *3 (Tex. App.—Austin Apr. 7, 2023) (order & mem. op., not designated for publication); *see Ex parte Zantos-Cuebas*, 429 S.W.3d 83, 88 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("Determining from the face

of an application for habeas corpus and accompanying documents whether the applicant is 'manifestly entitled to no relief' does not involve making findings of fact or evaluating the credibility of witnesses.").

It is unclear which procedure the district court utilized here. The district court's order contains a statement indicating that it denied the application as "frivolous," but it also contains findings of fact and conclusions of law suggesting that the district court went beyond the face of the application and ruled on the merits of Lively's claims. Specifically, the district court's order stated that it "adopted" the State's answer "as its findings of fact and conclusions of law,"[1] and it also made the following "additional findings":

1. This Court finds that Applicant is not credible.

2. The affidavits of [Lively's former attorneys]—attached to the State's Answer—are competent and credible.

3. A week in advance of his plea bargain, Applicant filed his waiver of jury trial in anticipation of the agreed-upon plea bargain.

4. After reviewing the evidence against him, and while understanding the nature of the charge and the consequences of his plea, Applicant freely, voluntarily, knowingly, and intelligently pled guilty to the offense charged in CR2017-873 and its elements; the initialed, signed, and admitted plea bargain further reflects that Applicant, his standby counsel, and this Court all recognized the foregoing at the time of Applicant's guilty plea.

5. As the totality of the evidence demonstrates, Applicant is "a duplicitous and manipulative individual" who will malinger and engage in "cynical maneuvering to avoid taking responsibility for his own actions and choices."

---

[1] The State's answer is approximately 60 pages long, goes beyond discussing the face of Lively's application, and includes affidavits from Lively's two court-appointed attorneys in which they make statements regarding the merits of his claims.

6. Applicant submitted his Affidavit and Application in this cause—in which he claimed that his plea of guilty was "not made voluntarily with understanding of the nature of the charge and the consequences of the plea"—while knowing his claim was false; Applicant's perjurious claim is an abuse of the writ, and he has waived and abandoned any contention he might otherwise have had. *See cf. Ex parte Gaither*, 387 S.W.3d 643, 645-47 (Tex. Crim. App. 2012).

7. In any event, Applicant complains of alleged 'issues' of which he had knowledge and complained of repeatedly before freely, voluntarily, knowingly and intelligently pleading guilty and waiving his right to appeal related to those issues, and he cannot use habeas as a substitute for his waived appeal.

8. In any event, Applicant has not established deficient performance, prejudice, nor any other right to relief.

Moreover, to the extent the district court might have denied Lively's claims on the merits, its findings and conclusions are incomplete. Although the district court made some findings and conclusions regarding the voluntariness of Lively's guilty plea and the effectiveness of counsel, it made no specific findings and conclusions regarding Lively's right to a speedy trial, his right to exculpatory evidence under *Brady* and the Michael Morton Act, the sufficiency of the evidence supporting his conviction, and his claim of actual innocence. The absence of these findings and conclusions prevents this Court from reviewing whether the district court abused its discretion in denying relief on the merits regarding Lively's claims. *See Ex parte Ramirez*, 652 S.W.3d 841, 846 (Tex. App.—Austin 2022, no pet.) (discussing standard of review for habeas rulings made under article 11.072); *Zantos-Cuebas*, 429 S.W.3d at 91-92 ("Express findings of fact are of particular importance in the article 11.072 context since trial judges deciding applications are allowed to 'rely on the court's personal recollection,' the contents of which would otherwise be untraceable on the written record.").

The appropriate remedy under these circumstances is to abate the appeal and allow the district court to clarify its order denying habeas relief in a manner consistent with Subsection 7(a) of Article 11.072. *See Baldez*, 510 S.W.3d at 497; *Ex parte Enriquez*, 227 S.W.3d 779, 784-85 (Tex. App.—El Paso 2005, pet. ref'd); *see also* Tex. R. App. P. 44.4; *Griffin*, 2023 WL 2837487, at \*3. If the district court has determined from the face of Lively's application that Lively is "manifestly entitled to no relief," the court shall say so in an amended order denying the application as frivolous, and it shall make no further findings. *See* Tex. Code Crim. Proc. art. 11.072, § 7(a); *Zantos-Cuebas*, 429 S.W.3d at 88. Otherwise, the district court shall enter an amended order that includes more specific findings of fact and conclusions of law regarding the merits of Lively's claims. *See Zantos-Cuebas*, 429 S.W.3d at 91-92. Those findings must be "adequate and complete," "covering every potentially dispositive issue" that is necessary to the disposition of this appeal. *See State v. Elias*, 339 S.W.3d 667, 676-77 (Tex. Crim. App. 2011). Thus, the district court shall make specific findings and conclusions regarding each of Lively's claims in his application, specifically the voluntariness of his guilty plea, the effectiveness of counsel, his right to a speedy trial, his right to due process relating to the State's alleged failure to disclose exculpatory evidence in violation of *Brady v. Maryland* and the Michael Morton Act, the sufficiency of the evidence supporting his conviction, and his claim of actual innocence.[2]

---

[2] To the extent the district court relied on the State's answer in making its findings of fact and conclusions of law, the State's answer does not fully address Lively's claims. Moreover, we do not consider the State's answer in this case to be suitable for review as findings of fact and conclusions of law. On remand, the district court may adopt specific findings of fact and conclusions of law proposed by the State, but it should not use the State's answer as a substitute for findings and conclusions.

To summarize, the trial court shall issue an amended order denying habeas relief that complies with Subsection 7(a) of Article 11.072 and, if warranted, include all findings of fact and conclusions of law necessary for the disposition of this appeal. The court shall also file a supplemental clerk's record containing that order and any findings and conclusions no later than May 28, 2024. Further, the parties are ordered to file with this Court supplemental appellate briefing regarding the propriety of the trial court's amended order and of its findings and conclusions, if any are made. *See* Tex. R. App. P. 38.7 (authorizing appellate court to request supplemental briefing "whenever justice requires" and "on whatever reasonable terms the court may prescribe"). The supplemental appellant's brief will be due 30 days after the supplemental clerk's record is filed, and the supplemental appellee's brief will be due on or before 30 days after the supplemental appellant's brief has been filed.

Before Chief Justice Byrne, Justices Triana and Kelly

Abated and Remanded

Filed: April 26, 2024

Do Not Publish