

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-00820-CR

**EX PARTE** Cassandra **STEELE**

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 9444-1
Honorable Kirsten Cohoon, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Beth Watkins, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: September 11, 2024

AFFIRMED

Cassandra Steele appeals from the trial court's order denying her post-conviction application for writ of habeas corpus as frivolous. *See* TEX. CODE CRIM. PROC. art. 11.072, § 7(a). We affirm.

### BACKGROUND

On May 13, 2018, Steele was arrested, and she posted bond the next day. On December 10, 2018, she was indicted for the offense of possession of a controlled substance (methamphetamine) in an amount less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(a), (b). The indictment included an enhancement allegation that the offense was committed within one thousand feet of a school. *See id.* § 481.134(d). Consequently, the charge, with the enhancement, alleged a third-degree felony, carrying a potential penalty of

imprisonment for a term of two to ten years and a fine up to $10,000. *See id.*; TEX. PENAL CODE ANN. § 12.34. Without the enhancement, the charged offense was a state jail felony, punishable by confinement for a term of between 180 days and two years and a fine up to $10,000. *See* TEX. HEALTH & SAFETY CODE §§ 481.115(b); TEX. PENAL CODE ANN. § 12.35(a), (b).

On January 17, 2019, Steele failed to appear at her arraignment, and trial court ordered her to be arrested. On June 19, 2019, Steele was arrested and, a week later, she retained counsel and posted bond.[1] On August 15, 2019, Steele entered into a plea bargain with the State, pursuant to which the State reduced the charge by waiving the enhancement allegation, and recommending punishment be set at two years' deferred adjudication, a $300 fine, sixty hours of community service, and drug and alcohol evaluation and treatment, with related conditions and fees. The trial court accepted Steele's guilty plea and entered an order of deferred adjudication consistent with the plea bargain. In connection with her plea, Steele swore that she made the plea freely and voluntarily and was "totally satisfied with the representation provided by [her] counsel and [she] received effective and competent representation." Steele's trial counsel certified that he explained Steele's federal and state constitutional rights and the procedural rights and safeguards afforded to a defendant. The trial court noted in its order that Steele was aware of the consequences of the plea, and that she made the plea freely and voluntarily.

On June 5, 2020, the State filed a motion to adjudicate guilt, alleging that Steel had violated conditions of her community supervision, by, among other things, failing to report to her probation officer, perform community service, complete a drug and alcohol evaluation, and submit to drug testing. Steele was thereafter arrested and then posted bond. Steele was represented by the same trial counsel during this stage as she had previously been. In August 2021, the State filed an

---

[1] We refer to Steele's initial counsel as "trial counsel" and Steele's later-retained counsel as "habeas counsel."

amended motion to adjudicate, and a final status hearing was set for February 10, 2022. On that date, Steele failed to appear before the court, and she was ordered to be arrested. In February 2022, Steele was again arrested and again posted bond.

On January 12, 2023, Steele entered into a plea bargain with the State regarding the motion for deferred adjudication. Pursuant to this plea bargain, Steele pled true to the violations of the conditions of her community supervision that the State had alleged, and the State recommended that the adjudicated punishment be set at two years' incarceration probated for two years. The State also agreed to an order barring prosecution of Steele on charges of bail jumping and failure to appear. *See* TEX. PENAL CODE ANN. § 12.45. In addition, the agreement included drug and alcohol evaluation and intensive outpatient treatment, with related conditions and fees. The trial court signed a judgment adjudicating guilt in accordance with the plea bargain.

Two months later, in March 2023, the State filed a motion to revoke community supervision, alleging violation of Steele's conditions of probation, including use of a controlled substance (methamphetamine). The State recommended in its motion that Steele's probation be extended and amended to include treatment in the State's substance abuse felony punishment facility ("SAFPF"). Steele was then arrested, and she retained a new attorney, who sought her release through a motion for reasonable bond, which the trial court denied.

Steele's new attorney then filed an application for writ of habeas corpus, alleging that her initial plea of guilty, which resulted in the 2019 order of deferred adjudication, was void because her trial counsel from that time provided ineffective assistance.[2] Steele sought to have her conviction be set aside. She asserted in her writ that trial counsel did not advise her as to potential defenses. Specifically, she asserted that trial counsel did not make himself aware of a viable

---

[2] Habeas counsel filed an initial application for writ of habeas corpus and later an amended application, which is nearly identical. We review the amended application.

motion to suppress by conducting a thorough investigation and researching the law. Steele swore that the facts set out in the application were true and correct and attached to the application the search warrant that preceded Steele's arrest for possession of a controlled substance in 2018 and several affidavits related to the search. The State filed a response to the writ, asserting the application should be denied as frivolous.

The trial court signed a judgment extending Steele's community supervision for two years, as sought by the State. The trial court also signed an order denying Steele's application as frivolous. Steele now appeals from the trial court's denial of her application for writ of habeas corpus as frivolous. *See* TEX. CODE. CRIM. PROC. art. 11.072, § 8 (authorizing appeal).

### APPLICABLE LAW & STANDARD OF REVIEW

Texas Code of Criminal Procedure article 11.072 allows an application for post-conviction writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order imposing community supervision. *Id.* § 1. The application must challenge the legal validity of the order in which community supervision was imposed. *Id.* § 2(b)(1). To be successful, an applicant must prove, by a preponderance of the evidence, the facts that entitle her to relief. *See Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002); *Ex parte Zantos-Cuebas*, 429 S.W.3d 83, 95 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

Article 11.072 requires the trial court receiving the application to enter a written order granting or denying relief. *Id.* § 6(a). "In making its determination, the court may order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection." *Id.* § 6(b). The trial court may dispose of the application in two ways:

> If the court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter

a written order denying the application as frivolous. In any other case, the court shall enter a written order including findings of fact and conclusions of law.

*Id.* § 7(a).

Here, the trial court denied Steele's application as frivolous. By her appeal, Steele requests that we remand the case to the trial court for the entry of findings of fact and conclusions of law on the merits of her application, in accordance with section 7(a). We review de novo the trial court's determination that Steele's application is frivolous. *Ex parte Baldez*, 510 S.W.3d 492, 495 (Tex. App.—San Antonio 2014, no pet.); *see also Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017) (specifying de novo review of trial court's resolution of pure questions of law). We will affirm if the trial court's ruling is correct under any theory of applicable law. *Beck*, 541 S.W.3d at 852.

## DISCUSSION

Steele contends by her application that the 2019 order of deferred adjudication should be set aside because her guilty plea is void. She argues that her guilty plea is void because it was made unknowingly and involuntarily due to the ineffective assistance of her trial counsel who assisted her at that time.

"Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). For a guilty plea to be valid, a defendant must have "a full understanding of what the plea connotes and of its consequences." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). The defendant must have "an actual awareness of . . . the constitutional rights and privileges that he necessarily relinquishes." *Davison v. State*, 405 S.W.3d 682, 686 (Tex. Crim. App. 2013)

"There is no doubt that an accused is entitled to effective assistance of counsel during the plea bargaining process." *Ex parte Argent*, 393 S.W.3d 781, 782 (Tex. Crim. App. 2013) (citation omitted). When an applicant for habeas corpus relief challenges the validity of a plea entered upon the advice of counsel and contends that his counsel was ineffective, she must show that: (1) counsel's advice with respect to accepting a plea offer did not fall within the range of competence demanded of attorneys in criminal cases, and (2) but for the attorney's errors or deficiencies, there is a reasonable probability the applicant would not have pleaded guilty to the charged offense and would have insisted on going to trial. *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010); *see Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte Torres*, 483 S.W.3d 35, 47 (Tex. Crim. App. 2016). We consider the totality of the circumstances in determining whether counsel was ineffective. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). An applicant's failure to make either of the required showings of deficient performance or sufficient prejudice defeats a claim of ineffective assistance. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong.").

We hold Steele is manifestly entitled to no relief because she failed to provide a legal and factual basis, on the face of her application and through the attached documents, to support the prejudice prong of her ineffective-assistance claim. *See* TEX. CODE CRIM. PROC. art. 11.072, § 7(a); *Harrington*, 310 S.W.3d at 458; *Williams*, 301 S.W.3d at 687. We affirm because, as a legal matter, Steele has not alleged or shown sufficient prejudice and, on that basis, the application was frivolous.[3]

---

[3] We do not suggest that trial counsel's performance was deficient; we simply avoid the first prong because it may require fact finding and credibility determinations, which the trial court has not made.

To be entitled to habeas relief based on an involuntary plea, Steele was required to prove, by the preponderance of the evidence, the ineffective assistance of counsel during plea proceedings. *See Harrington*, 310 S.W.3d at 458. In turn, to prove ineffective assistance, Steele was required to establish that, but for counsel's deficiencies, there is a reasonable probability she would not have pleaded guilty to the charged offense and would have insisted on going to trial. *See id.* The focus for the prejudice prong is on the applicant's decision making. *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018). To be entitled to relief, Steele must establish that "a decision to reject the plea bargain would have been rational under the circumstances." *Torres*, 483 S.W.3d at 48 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)). Factors to consider in conducting this analysis include the magnitude of counsel's purported errors, *see Ex parte Moody*, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999), as well as "the evidence supporting an applicant's assertions, the likelihood of his success at trial, the risks the applicant would have faced at trial, the benefits received from the plea bargain, and the trial court's admonishments." *Torres*, 483 S.W.3d at 48.

As to counsel's purported errors, Steele asserts that trial counsel did not conduct an effective investigation and advise her as to potential defenses, including a motion to suppress. According to Steele's allegations and the affidavits supporting her application, an effective investigation would have revealed deficiencies in the search warrant based on false statements and falsity by omission. In turn, these deficiencies in the search warrant would have defeated probable cause to search Steele's recreational vehicle ("RV"), where she lived and where methamphetamine was found. Steele also asserts that the search warrant was defective because it was based on a tip from a first-time informant.

Steele attached the search warrant to her application. The affidavit for search warrant states that the "actor" is Billy Pannell and that a cooperating individual received and shared information

with the affiant that methamphetamine was being possessed by Pannell at a "suspected place and premise[s]." The affidavit gives the address of the place and premises, and it more specifically describes the location as including a wood-framed house and a secondary wood-framed structure. Further, the affidavit states that the place and premises, "includes any additional structures, buildings, any and all garages, outbuildings, edifices, structures openings and enclosures thereto attached, to include any vehicles parked within the curtilage, specifically a 2000's model black Jeep 2 door." The affiant asserts that he knows Steele to live at the suspected place and premises and to be involved in methamphetamine sales based on his previous arrest of her in September 2017. The affiant also states that he knows the Jeep to belong to Steele.

Steele asserts in her writ — and the attached affidavits support — that Paul Adame owned a 0.65-acre property and lived in the wood-framed house described in the affidavit supporting the warrant; that Pannell was Adame's friend and would attend parties at Adame's home; that Adame rented a portion on the opposite side of the 0.65-acre property from his home to Steele; that Steele lived in an RV on her rented portion; that Steele's RV was separated from Adame's house by a distance of sixty yards; that Steele had installed fence poles near her RV because she was in the process of constructing a fence to separate her RV from the rest of the property; and that the property also included a workshop that Steele used for her furniture-restoration business. Steele asserts in her writ application that the police officer who provided the affidavit supporting the warrant: "Falsely conflated his September 2017 arrest of [Steele] for a Kerr County PCS [possession of controlled substance] at her workshop on the .65 acres with the current 2018 alleged drug activity at the Adame residence."

Even if we credit all of Steele's assertions and the facts stated in the affidavits attached to her writ as matters that trial counsel would have discovered through a diligent investigation, the competent legal advice that trial counsel could have then provided Steele would have amounted to

little more than the statement that a motion to suppress could be meritorious but that its success could not be guaranteed. The parties provide few legal authorities discussing the standard for determining motions to suppress and application of that standard. The resolution of such a motion also is not before us. However, simply to establish our point that the magnitude of counsel's purported mistake amounted only to a failure to advise as to a potential, but not certain, defense, we note three potential pitfalls. First, the scope of the search warrant is not entirely clear because of the broad description of "place and premise[s]." Second, any challenge must consider the complications that multiple structures, an RV, and an incomplete fence would present during resolution as to any purported falsity or misrepresentation in the search-warrant affidavit or in execution of the warrant. *Cf. Amir v. State*, 45 S.W.3d 88, 94 (Tex. Crim. App. 2001) (Keller, P.J., concurring) ("A search is not rendered illegal for exceeding the scope of a search warrant so long as those executing the warrant reasonably believed at the time that the place searched was covered by the warrant." (citing *Maryland v. Garrison*, 480 U.S. 79, 86–88 (1987))). Last, a challenge to the warrant on the ground that it was based solely on a tip from a first-time informant would have to contend with the police officer's statement in the warrant affidavit that he arrested Steele on the 0.65-acre property in September 2017. *Cf. State v. Duarte*, 389 S.W.3d 349, 356–57 (Tex. Crim. App. 2012) (explaining that probable cause may exist if a tip from a first-time informant is corroborated or is consistent with information provided by other informants). In her writ application, Steele does not deny the arrest, but asserts that it occurred in her workshop on the 0.65-acre property.

In contrast to this uncertainty, Steele's plea bargain provided her with quantifiable and significant risk reduction. Most significantly, Steele avoided all jail time, including a possible ten-year prison sentence if she complied with all terms of her 2019 order of deferred adjudication. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(b), 481.134(d); TEX. PENAL CODE ANN. § 12.34;

*see also Ex parte Duque*, 540 S.W.3d 136, 151 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (holding writ applicant not prejudiced by counsel's deficient performance where applicant faced ten-year prison sentence and plea bargain allowed him to entirely avoid jail time). As stated above, the State agreed to waive the enhancement allegation to reduce the charged offense from a third-degree felony, with a two to ten year imprisonment penalty, to a state jail felony. TEX. PENAL CODE ANN. § 12.34. The state jail felony carried a minimum confinement of 180 days and a maximum of two years, which Steele avoided through her plea bargain. *See* TEX. HEALTH & SAFETY CODE § 481.115(b); TEX. PENAL CODE ANN. § 12.35(a), (b). In addition, Steele's fine was set to an agreed $300, so she was not exposed to the risk of the maximum $10,000 fine. *See* TEX. PENAL CODE ANN. §§ 12.34, 12.35.

Steele, in fact, never expressly alleged that, had counsel completed an investigation and advised her as to potential defenses, including a motion to suppress, that she would have declined the plea bargain and insisted on going to trial. *See Torres*, 483 S.W.3d at 49 (noting similar silence when determining writ applicant had failed to show prejudice); *Harrington*, 310 S.W.3d at 458. The record suggests that Steele placed some value on avoiding jail time. She sought and posted bond regularly throughout the case. *Cf. Torres*, 483 S.W.3d at 50 (noting applicant's and his family's primary concern at the time of his arrest and plea was "getting him out of jail").

In view of the totality of the circumstances, it would have been irrational for Steele to reject a favorable plea bargain to pursue an uncertain defense and risk significantly greater punishment. *See Torres*, 483 S.W.3d at 51; *see also Ex parte Hurtado*, No. 13-16-00512-CR, 2017 WL 3084287, at *4 (Tex. App.—Corpus Christi–Edinburg Jul. 20, 2017, no pet) (mem. op., not designated for publication) ("The surrounding circumstance of available evidence, the possibility of a sixty-year prison sentence, and the unpredictability of a jury decision lead us to conclude that, even assuming trial counsel acted deficiently, such alleged misadvice did not prejudice appellant's

plea."). We hold Steele has not alleged, on the face of her writ application or shown through the affidavits and attachments to her application, that she was prejudiced as a result of trial counsel's alleged deficiencies during plea proceedings. *See* TEX. CODE CRIM. PROC. art. 11.072, § 7(a); *Harrington*, 310 S.W.3d at 458. Consequently, we affirm the trial court's denial of Steele's writ application as frivolous. *See* TEX. CODE CRIM. PROC. art. 11.072, § 7(a).

## CONCLUSION

We affirm the trial court's order denying Steele's application for writ of habeas corpus.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH